ROBERT B. ZACHARY, Plaintiff in Error, *v.* JAMES W. CHAMBERS, Defendant in Error.

### *Error to Washington.*

1. Claims presented to an administrator or executor against an estate, must be verified by the *claimant.*
2. Administrators, executors and guardians are *the claimants* of the estates of decedents, and persons whom they represent.
3. Requirements of statute, which are imperative in language, and for a specific purpose, cannot be controlled by any general provisions as to practice.
4. Where there is no *legal presentment* of a claim against an estate, it is a bar, after expiration of the statutory time for presentment, to suit on such claim.

THE plaintiff in error brought suit against Chambers, administrator of the estate of A. L. Zachary, to recover the sum of 696 dollars, for wheat and oats, sold and delivered to A. L. Zachary, in his lifetime. The action was originally brought in the County Court of Washington County, and trial and verdict for the plaintiff. Defendant appealed to the Circuit Court, where the issue was submitted to the judge under the statute, and a finding for the defendant. The plaintiff says that there was error in the judgment of the court, and the case is here for correction, if such is the fact.

*E. D. Shattuck,* for plaintiff in error.

*H. Jackson,* for defendant in error.

STRATTON, J.    Chapter 4, section 4, Oregon Statutes, page 356, providing for the manner in which claims against estates shall be presented and allowed, enacts that "Every claim presented to the administrator shall be supported by the

affidavit of the *claimant* that the amount is justly due; that no payments have been made thereon, and that there are no legal offsets to the same to the knowledge of the *claimant*."

Section 9 further provides, that "No holder of any claim against an estate shall maintain any action thereon, unless the claim shall have been first presented to the executor or administrator."

The account on which this suit was brought was presented to the administrator, the defendant in error, on the first day of June, 1860, verified, *not* by Zachary, the *claimant*, but by one McCourt, who declares himself the agent of the claimant, Zachary. The account was endorsed, "Not allowed for want of proof," &c. Signed by Chambers, administrator. These facts, and the statute provisions we have quoted, present all the questions arising in the case.

The plaintiff's counsel now insists that the verification by the agent is, in contemplation of law, the verification of the claimant, upon the principle of the maxim, "*Qui facit per alium, facit per se;*" or, if this is not conceded, that section six, chapter ten, page 379, of the same act, making the practice of the Circuit Court applicable to the proceedings of the Probate Court, places the initial evidence of a claim against an estate upon the same footing with all verified pleadings in the Circuit Court, which are sworn to indifferently by principal, agent, or attorney, according to the circumstances pointed out by the practice act. The plaintiff further insists, that although the administrator might be justified, under the requirements of the statutes, in rejecting a claim, because the same was not verified by the claimant, yet such claimant would not thereby be barred of his remedy in the Circuit Court. To these propositions we cannot assent. Statutes for the protection of decedents' estates are, and ought to be, carefully framed for the protection of interests which, all experience has shown, are most liable to unfair dealing. There are many transactions of life, from want of a wise precaution, or arising from that confidence which, too often perhaps, men repose in each other, of which there are no wit-

nesses but the parties to the transactions; or, if there is any evidence of it *aliunde*, it is known only to them. The decease of one party leaves all such knowledge in the breast of a single individual, and that one the claimant. The law can provide but one avenue to that knowledge—an appeal to the conscience of the creditor under the solemn injunction of an oath. Looking at the frame and phraseology of section four, it would seem clear enough that the legislature proceeded upon some such reasoning, and that it was intended *in limine* thus to purge the conscience of the creditor. The language of the statute is, "that every claim presented to the administrator *shall* be supported by the affidavit of the claimant."

But the plaintiff says that this is not imperative upon the creditor to do, nor the administrator to require. Such a construction, we think, would *cut up by the roots* all rules of interpretation, and transfer the functions of the law-maker from the halls of the legislature to the court-room.

A further reason for the construction, which the plaintiff seeks to establish, it is said with some force, is, that non-residents, seamen, soldiers, insane persons, and persons diseased, without having verified their claims, might thus be defeated of their just rights.

To this it may be replied, that guardians of infants and insane persons, and administrators, would be the legal claimants, and competent to make the affidavit. As to non-residents, and persons abroad, it might have been well for the legislature to have made some further provision; but, if it has failed to do so, this court cannot usurp legislative powers, or violate a plain rule of construction for their relief. In the case of *Williams* v. *Purdy*, 6 *Paige Ch. R.* 166, Chancellor Walworth, in remarking upon a similar statute of New-York, said, "the object of requiring the affidavit of the creditor in such cases, is not to prove the existence of the debt, as it is not evidence for that purpose, but it is to prevent the exhibition of fictitious claims against the estate of the decedent, which have been discharged by him in his lifetime; and, also, to prevent the allowance of claims, against which there

existed a legal offset, *known only to the party presenting such claim*, and which those who are interested in the estate of the decedent may be unable to establish by legal proof."

The reasoning of the chancellor applies with pertinent force to the present case. Upon the first point, therefore, the court is of the opinion that the agent was incompetent to make the affidavit, and the administrator properly disallowed the claim.

As to section six, chapter ten, above referred to, admitting that, as a general rule, the proceedings in form of the Circuit Court are applicable to proceedings in litigated cases in the Probate Court, that section cannot affect this case. The requirements of section four are for a specific purpose, and imperative, and cannot be controlled by any general provisions as to practice. It remains to determine whether, the claim being rejected by the administrator for the reason assigned by him, the claimant is barred by the statute (section nine) from bringing this suit. Section nine enacts, that no suit shall be brought, &c., unless the claim shall have been first presented to the administrator or executor, &c.

The presentment of a claim or demand presumes, at least, a legal subsisting interest in the hands of a person who has the right to present it, and to a party who is legally bound to respond. If either of these ingredients is wanting, it is no presentment, or at least an idle formality, which binds no one, and benefits no one. The *law merchant* has prescribed the time when, the place where, and the person to whom a presentment of negotiable paper shall be made by the holder to bind assignors or endorsers; and if the holder shall fail in any of these legal requirements, the law regards it as no presentment; in other words, the act, for the purpose intended, in contemplation of law is a mere nullity. The term presentment, under this statute, as elsewhere, in legal nomenclature, has a technical signification, and necessarily includes every ingredient which the law has affixed to it in the particular connection in which it stands. An executor or administrator is the representative of an interest which the legislature has guarded with a careful solicitude; and in so

doing have clearly vindicated the terms upon which a claim may be preferred against an estate, and the tests by which the administrator shall be justified in allowing it.

To hold that a claim, exhibited to an administrator, might properly be rejected by him, and yet not bar the claimant from bringing suit in the Circuit Court, would be to place the administrator in this strange dilemma—either to allow the claim upon a defective exhibit, and make himself liable to the heirs for the amount, or to disallow the claim, and subject the estate to the expense of a suit at law. It cannot be that the legislature contemplated such an absurdity. We are, therefore, also of the opinion, that there being no legal presentment, the plaintiff was barred by section nine of the right to bring this suit.

Judgment affirmed.

Wait, C. J. dissenting.