[No. 6833.  Decided January 15, 1908.]

## JAMES FOLEY, *Appellant*, v. MARGARET McDONNELL, *Respondent*.[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—NECESSITY OF PRESENTATION.  Under Bal. Code, § 6199a, creditors must present their claims to the executor of a nonintervention will within one year after publication of notice to creditors, as in other cases, or they will be barred.

SAME—FAILURE TO PRESENT CLAIMS — PRESUMPTION — PLEADING. The law presumes that the executor of a nonintervention will will seasonably publish notice to creditors, as required by statute, and a complaint upon a claim is demurrable where the action was not commenced until five years after testator's death, and there is no allegation that notice to creditors was not given, or any excuse shown for the delay.

WILLS—TRUST FOR CREDITORS—CONSTRUCTION.  A will making the executrix a trustee for the purpose of paying creditors applies only to creditors who qualify by proving their claims, after publication of notice to creditors.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered March 16, 1907, in favor of the defendant, upon sustaining a demurrer to the complaint, dismissing an action against an executrix to enforce a trust for the benefit of creditors.  Affirmed.

[1]Reported in 93 Pac. 321.

*Thos. O'Day* and *G. R. Percival*, for appellant.

*Milton W. Smith*, for respondent.

Mount, J.—The lower court sustained a demurrer to the complaint in this case. Plaintiff refused to amend, and an order of dismissal was entered. Plaintiff appeals from that order.

The complaint in substance alleges, that on April 21, 1896, plaintiff obtained a judgment against Columbus McDonnell for the sum of $958.62, besides attorney's fees and costs, upon a promissory note; that said judgment was obtained in the state of Oregon, after personal service upon said Columbus McDonnell; that subsequently execution was issued in Oregon and returned *nulla bona;* that at the time said judgment was rendered the said Columbus McDonnell was alive, and that the defendant in this action was his wife; that afterwards on the 12th day of March, 1901, said Columbus McDonnell, being then the owner of a large amount of property situate in Clarke county in this state, made his will which, omitting formal parts, is as follows:

"1.   I direct that my just debts and funeral expenses be first paid out of my estate.

"2.   I give and bequeath unto my executrix hereinafter named all my property, both real and personal, wherever situated, in trust for the purposes herein set forth.

"3.   I give, devise, and bequeath unto my beloved wife, Margaret McDonnell, all my property of every kind and nature, real, personal, and mixed, wherever situated.

"4.   I do not give, devise or bequeath anything to my children  .  .  .  knowing that my wife will make such provisions for them as will be right and just.

"5.   I hereby nominate, constitute and appoint my wife, Margaret McDonnell the executrix of this my last will and testament, and I direct that no bonds will be required of her, and she is hereby authorized and empowered to sell and dispose of at private sale or otherwise and in any way she shall deem best any or all of my property, both real and personal, with-

out the intervention of any court, and I hereby revoke all former wills and codicils to wills by me made.

"In witness whereof," etc.;

that thereafter, on April 29, 1901, said Columbus McDonnell died in Clarke county, Washington, seized of and owning certain property described; that on May 25, 1901, said will was duly probated in Clarke county, Washington, and the defendant herein, Margaret McDonnell, was appointed executrix and accepted the trust, took possession of all of said property, and now holds and claims the same as executrix, legatee, and trustee under such will; that said property is of the value of $30,000, and passed to defendant by the terms of the will, in trust for the benefit of creditors of said Columbus McDonnell, deceased; that plaintiff is one of such creditors, and that the said estate is solvent, and that there is now more than sufficient to pay all the creditors thereof; that defendant has been requested to pay the plaintiff the amount due upon the said judgment, but has failed and refused to do so; that Columbus McDonnell, deceased, left no property in the state of Oregon, and plaintiff has no plain, speedy, and adequate remedy at law for the recovery of the amount due on said judgment, and applies to the court to compel the defendant to execute the trust which she is required to do under said will.

It is contended by the respondent that the action is barred under the statute. It will be noticed that there is no allegation that any claim was ever presented to the executrix and allowed as a claim against the estate, or that no notice to creditors was published as required by law. If the action was brought against the defendant as administrator or executrix of the estate of Columbus McDonnell, deceased, the complaint must show that the claim was first presented to the executor or administrator in order to state a cause of action. Bal. Code, § 6235 (P. C. § 2540). *McFarland v. Fairlamb*, 18 Wash. 601, 52 Pac. 239.

The appellant argues that the will above set out makes the defendant a trustee of an express trust, and that, inasmuch as the will is a nonintervention will, it was not necessary for the plaintiff to present a claim to the executrix or trustee within one year or at all, because the statute of limitations has no application as between the *cestui que trust* and the trustee of an express trust. The statute relating to nonintervention wills provides:

"In all cases where it is provided in the last will and testament of the deceased that the estate shall be settled in a manner provided in such last will and testament, and that letters testamentary or of administration shall not be required, and where it also duly appears to the court, by the inventory filed, and other proof, that the estate is fully solvent, . . . it shall not be necessary to take out letters testamentary or of administration, except to admit to probate such will, . . . And after the probate of such will and the filing of such inventory all such estates may be managed and settled without the intervention of the court." Bal. Code, § 6196 (P. C. § 2489).

It will be noticed that the will in this case does not provide that letters testamentary or of administration shall not be required. It does, however, provide that the executrix shall sell and dispose of all the property as she may deem best without the intervention of any court. Conceding, however, that this will was intended to be, and is, a nonintervention will, still the statute in the same section provides:

"That in all such cases the claims against such estates shall be paid within one year from the date of the first publication of notice to creditors to present their claims, unless such time be extended by the court for good cause shown, for a reasonable time."

And Bal. Code, § 6199a (P. C. § 2493), provides:

"Upon a publication of notice to creditors to present their claims to such executor, for a period of time and in the manner required of executors and of administrators holding letters testamentary and of administration under the laws of

this state, said creditors shall be required to present their claims to the said executor within one year from the date of the first publication of said notice, and if they fail to do so their claim shall be barred."

These two provisions last above quoted seem to make it clear that, in cases of nonintervention wills, creditors shall present their claims within one year of the publication of notice, and failure so to do bars such claim the same as in other classes of wills. It is true this court held otherwise in *Moore v. Kirkman*, 19 Wash. 605, 54 Pac. 24, and possibly in other cases. But these cases arose under the statute before 1897, when the amendments above quoted were made to the statute in force at that time. Under the present statute, we are of the opinion that it is the duty of the executor, under wills like the one in question, to publish a notice to creditors, and failure of the creditors to file a claim within the year bars such claim. It is true the will in this case makes the executrix trustee of the estate for the purpose of paying creditors, but this means such creditors only as qualify by proving their claims within time, as in other estates, and thereby making themselves beneficiaries of the trust. When this is done, the rule contended for by the appellant would no doubt apply.

The complaint does not allege that no notice was published, and we must therefore assume that the executrix did her duty and seasonably published such notice. Columbus McDonnell died in April, 1901. This action was not begun until September, 1906, and no cause is shown for the delay. We are of the opinion, therefore, that the action is barred and the judgment must be affirmed.

HADLEY, C. J., CROW, RUDKIN, and FULLERTON, JJ., concur.

DUNBAR and ROOT, JJ., took no part.