[No. 12299. Department Two. July 14, 1915.]

## HAYES & PORTER, INCORPORATED, *Appellant*, v. AMOS WOOD et al., *Respondents*.[1]

SALES—RESCISSION BY VENDEE—DECEIT—RECOVERY OF PURCHASE MONEY. Deceit in stating the earnings of a hotel by grossly overstating the amount, padding the register and filling the rooms with nonpaying roomers, warrants rescission of a sale of the business and furniture and recovery of the purchase money paid, where the same was relied upon by the purchaser.

SAME—RESCISSION—JUDGMENT—SCOPE OF RELIEF. In an action to recover possession of hotel property sold, upon plaintiffs declaring a forfeiture for nonpayment of the purchase price, which was successfully defended on the ground of deceit, defendant asking a rescission, it is error to enter judgment for defendant for the money paid only; but the same should further provide for a cancellation of the sale, a return of the purchase money notes, and the restoration of possession to the plaintiff.

Appeal from a judgment of the superior court for King county, Smith, J., entered March 21, 1914, upon findings in favor of the defendants, in an action of forcible entry and detainer, tried to the court. Reversed.

*McCafferty, Robinson & Godfrey*, for appellant.

*C. H. Steffen* (*Andrew J. Balliet*, of counsel), for respondents.

FULLERTON, J.—On October 1, 1913, the appellant entered into a contract of sale with the respondents, by the terms of which they agreed to sell to the respondents the furniture, fixtures, good will and business of the Hotel Cadillac, which occupied the two upper stories of the brick building situated at 168 Jackson street, in the city of Seattle. The purchase price was $3,500; $1,500 of which was paid in cash and the balance evidenced by 40 promissory notes of $50 each, payable one each month following the transfer, with interest at

[1] Reported in 150 Pac. 1.

six per centum.   The appellant was a lessee of the building in which the hotel was conducted, and the respondents agreed to pay to the appellant as their rental share of the building, monthly in advance, the sum of $300, and to pay for the light, heat, fuel and water used by them in connection with the operation of the hotel; the contract of sale providing that failure to make any of such payments when the same became due would operate as a forfeiture of the contract of ·sale.

The respondents took possession of the hotel on the execution of the contract and continued therein until the first of November, at which time they refused to pay either the advance rental then due, the note then matured for $50, or the bills for heat, light, or water incurred during October.   The appellant thereupon declared the contract and the payments made thereon forfeited, and began the present action to recover possession of the hotel property, executing a delivery bond and taking possession of the same through the office of the sheriff.

The respondents, answering the complaint, set up that they had been overreached in the transaction and induced to enter into a contract of purchase of the hotel property through the fraud and deceit of the appellant, its officers and agents, and asked for a cancellation of the contract, for a return to them of the notes executed and delivered to the appellant, and for a recovery of the sums paid on the purchase price.

Issue was taken on the affirmative matter in the answer, and a trial had on the issue of fraud and deceit.   The court found in favor of the purchasers, and as conclusions of law therefrom, found that the purchasers were entitled to a cancellation of the contract of sale, the return of the notes given to evidence the deferred payments, and a return of the sums paid upon the purchase price.   It entered judgment, however, for the recovery of the money only, no mention being made therein concerning the return of the notes or the cancellation of the contract of purchase.

The appellant's chief contention is that the evidence fails to support the findings of the court with reference to the charge of fraud and deceit. But without reviewing the evidence at length, we think it ample in this respect. The principal controversy was whether the appellant had misrepresented the prior earnings of the hotel, and on this question it was shown that its agents had not only grossly overstated the amount, but had padded the hotel register, and had filled up the rooms with "dead heads," or nonpaying roomers, in order to make it appear that the business was thriving. Moreover, when the respondents had opportunity to investigate the claimed earnings, it was found that the hotel had been losing money for a long time past, and that during the month of October it did not earn anywhere near a sufficient sum to meet the fixed charges. To deceive concerning the earnings of the hotel was to deceive concerning a material matter, entitling the respondents, when the misrepresentations were proven, to the relief granted them. *Bunck v. McAulay*, 84 Wash. 473, 147 Pac. 33; *Duffy v. Blake*, 80 Wash. 643, 141 Pac. 1149; *Becker v. Clark*, 83 Wash. 37, 145 Pac. 65; *Christensen v. Koch*, 85 Wash. 472, 148 Pac. 585.

The appellant complains, with more reason we think, of the form of the judgment entered. It was, as we have before stated, a judgment merely for the recovery of the sum paid by the respondents upon the contract price of the hotel agreed to be purchased, and did not adjudicate the rights of the parties as to all of the issues. This was error. The appellant is entitled to a judgment settling all of the issues, that it may not be harassed with further suits or actions. The judgment will be reversed, therefore, and the cause remanded with instructions to enter a judgment in favor of the respondents: (1) Cancelling the contract of sale of the hotel property; (2) directing that the notes given to evidence the deferred payments be delivered up and cancelled; (3) for a recovery against the appellant in the sum of $1,500; and (4)

a judgment in favor of the appellant against the respondents confirming its possession of the hotel property. Neither party will recover costs in this court.

MORRIS, C. J., MAIN, ELLIS, and CROW, JJ., concur.