[No. 14466. Department One. April 30, 1918.]

## Alice Empson, *Plaintiff*, v. John Fortune *et al.,* *Defendants and Appellants,* Max Kreielsheimer *et al., Respondents.*[1]

Appeal—Supersedeas Bond—Liability of Sureties. Under Rem. Code, § 1722, requiring a supersedeas bond on appeal to be conditioned to satisfy and perform the judgment appealed from and any judgment or order which the supreme court may render or make or order to be rendered or made, the sureties on the appellant's supersedeas bond are liable for a money judgment entered against appellant on the order of the supreme court, although the judgment was in form a reversal of a money judgment along with other relief, but which ultimately directed an entry of a like money judgment against the appellant.

Same—Supersedeas Bond—Liability of Surety—Entry of Judgment on Appeal. Failure of the supreme court to enter or direct entry of judgment against appellant's sureties upon a supersedeas bond, does not release the sureties and is not *res judicata* of their liability on the bond, where the judgment of the supreme court against the appellant was not merely an affirmance of a money judgment; in view of the fact that by Rem. Code, § 1739, the only authority for the supreme court to enter judgment against sureties on a supersedeas bond is where the judgment on appeal for the payment of money is affirmed.

Same—Supersedeas Bond—Entry of Judgment—Powers of Superior Court. The superior court, not being authorized by any statute, has no power after appeal and remittitur to enter judgment against the sureties on appellant's supersedeas bond, in connection with the judgment it is by the supreme court ordered to enter.

Executors and Administrators—Claims—Presentation—Sufficiency. A claim against the executors of a deceased surety upon a supersedeas bond is insufficient where it consisted merely of the presentation of an abstract of the judgment, and was not verified by oath, as required by Rem. Code, § 1473.

Same—Claims—Presentation—Waiver. The due presentation of a claim against the estate of a deceased person cannot be waived by the executor or administrator.

Principal and Surety—Release of Co-Surety—Failure to File Claim Against Estate. The failure to present a claim against the

[1]Reported in 172 Pac. 873.

executor of the estate of a deceased surety upon a supersedeas bond does not release the other surety from liability on the bond, where suit was brought against the surviving surety within the year limited to creditors for filing claims against the estate of the deceased surety, and in time to enable the surviving surety to protect his right to contribution from the estate by filing his claim therefor.

APPEAL—SUPERSEDEAS BOND—LIABILITY OF SURETY—JOINT OR SEVERAL OBLIGATION. A supersedeas bond, not in form either joint or several, in which the sureties are simply held and firmly bound, etc., will, in view of the language used and purpose of the statute, be construed as intended to be a joint and several bond, upon which one of the sureties may be sued separately.

Cross-appeals from a judgment of the superior court for King county, Smith, J., entered February 7, 1917, upon findings favorable to the plaintiff, in an action on a supersedeas bond, tried to the court. Affirmed.

*C. H. Steffen* and *Andrew J. Balliet,* for appellant Empson.

*John F. Murphy,* for appellant Fortune.

*Jay C. Allen,* for respondents.

PARKER, J.—Alice Empson seeks recovery upon a supersedeas bond executed by John Fortune and Jacob Kreielsheimer, as sureties, and Hayes & Porter, Incorporated, as principal. Trial in the superior court for King county resulted in findings and judgment in favor of Alice Empson, awarding her recovery against John Fortune, but denying her recovery against the executors of the estate of Jacob Kreielsheimer, deceased. John Fortune has appealed from the judgment rendered against him, and Alice Empson has appealed from the judgment in so far as it denies her recovery against the estate of Jacob Kreielsheimer, deceased.

The controlling facts may be summarized as follows: On March 20, 1914, in an action pending in the superior court for King county, wherein Hayes & Porter,

Incorporated, was plaintiff and Alice Empson and Amos Wood were defendants, there was rendered upon the defendants' cross-complaint a money judgment in their favor against Hayes & Porter, Incorporated, for the sum of $1,500. Hayes & Porter appealed therefrom to this court, and stayed execution thereon by causing to be executed and filed in the cause in the superior court a supersedeas bond in due form as prescribed by Rem. Code, § 1722, which bond was executed by John Fortune and Jacob Kreielsheimer as sureties. On March 26, 1915, Jacob Kreielsheimer died, and thereafter, on April 16, 1915, Max and Simon Kreielsheimer were duly appointed and became the acting executors of his estate. On July 14, 1915, the case was disposed of by this court as follows:

"The judgment will be reversed, therefore, and the cause remanded with instructions to enter a judgment in favor of the respondents: (1) Cancelling the contract of sale of the hotel property; (2) directing that the notes given to evidence the deferred payments be delivered up and cancelled; (3) for a recovery against the appellant in the sum of $1,500; and (4) a judgment in favor of the appellant against the respondents confirming its possession of the hotel property. Neither party will recover costs in this court." *Hayes & Porter v. Wood*, 86 Wash. 254, 150 Pac. 1.

This disposition of the cause, while in form a reversal of the $1,500 judgment rendered by the superior court, was a direction to that court to enter the same judgment and, in addition thereto, to grant other relief which had been prayed for by Wood and Empson in their cross-complaint. The only error of the trial court consisted in its failure to grant this additional relief, as is rendered plain by a reading of this court's decision. This court did not render any judgment against the sureties upon the supersedeas bond, nor direct the superior court to render any such judgment.

On November 22, 1915, the remittitur from this court having been transmitted to the superior court, that court entered its judgment and decree as directed by this court. Thereafter Amos Wood duly assigned in writing to Alice Empson all his interest in the judgment rendered by the superior court by direction of the supreme court, she thereby becoming the sole owner of the judgment. Thereafter, Alice Empson being unable to collect her $1,500 judgment, or any part thereof, from Hayes & Porter, commenced this action on March 10, 1916, against John Fortune and the executors of Jacob Kreielsheimer, as sureties upon the supersedeas bond. Thereafter judgment in this action was rendered on February 7, 1917, as above noticed. Other facts will be noticed as may become necessary in connection with our discussion of the several contentions made by counsel.

It is contended in behalf of appellant Fortune that, because the decision of this court in the case of Hayes & Porter against Wood and Empson in form reversed the judgment of the superior court and directed another judgment to be entered in that cause by that court, the sureties upon the supersedeas bond are not liable thereon. The argument is, in substance, that no judgment can be rendered against sureties upon a supersedeas bond unless the judgment appealed from is affirmed by the supreme court. We shall assume, for argument's sake, that the disposition of the cause in this court was a reversal of the first $1,500 judgment rendered by the superior court, though there seems to be fair ground for arguing that it was a reversal, not in substance, but in form only, in view of the fact that this court in the same decision directed exactly the same judgment to be entered in favor of and against the same parties, with the granting of other relief. A number of the decisions of the courts of other states

are called to our attention which hold in substance as stated in the text of 2 R. C. L. 270, as follows:

"When an order is entered in an appellate court reversing a judgment, it is forthwith vacated and no longer remains in existence."

This is a thought which counsel seeks to emphasize. But we think it is not controlling here in the light of our statute. Section 1722, Rem. Code, in so far as it relates to supersedeas bonds, reads as follows:

"An appeal shall not stay proceedings on the judgment or order appealed from or any part thereof, unless the original or a subsequent appeal bond be further conditioned that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed, and any judgment or order which the supreme court may render or make, or order to be rendered or made by the superior court."

This language, it seems to us, renders it plain that a supersedeas bond secures something more than the mere payment of an affirmed judgment. If not, then we are wholly unable to assign any intelligible meaning to the concluding words of this quoted provision. This language seems peculiarly applicable to this case. Nothing could seem farther from the thought of this court, when it in form reversed the money judgment in favor of Wood and Empson, than an intent on its part to deny them recovery in that sum against Hayes & Porter, for in its same decision it directed a judgment in that amount to be entered by the superior court in favor of Wood and Empson against Hayes & Porter, together with judgment for other relief, as to which the superior court had erred in failing to grant, as held by this court. We conclude, therefore, that the sureties, to wit, Fortune and the estate of Jacob Kreielsheimer, were liable upon the supersedeas bond for the

payment of the judgment so directed to be entered by this court.

It is also contended in appellant Fortune's behalf that he was released as surety upon the supersedeas bond because this court did not render any judgment against him as surety when it remanded the cause to the superior court and did not direct that court to render any judgment against him as surety, and also because the superior court did not render any judgment against him as surety when it entered the judgment against Hayes & Porter which was directed by this court to be rendered. The theory of counsel seems to be that the failure of action of the courts in this respect became in effect *res adjudicata* in his favor upon the question of his liability upon the bond.

In so far as the failure of this court to render any judgment against the sureties is concerned, it seems plain from the language of § 1739, Rem. Code, relating to the rendering of judgments against sureties upon a supersedeas bond by this court upon the final disposition of an appeal, that this court has no power to render such judgment except when it affirms a judgment of the superior court for the payment of which a supersedeas bond is given. That section reads:

"Upon the affirmance of a judgment or (on) appeal for the payment of money, the supreme court shall render judgment against both the appellant and his sureties in the appeal bond for the amount of the judgment appealed from (in case the bond was conditioned so as to support such judgment) and for the damages and costs awarded on the appeal; and in any other case of affirmance the supreme court shall likewise render judgment against both the appellant and his sureties in the appeal bond for the amount recoverable according to the condition of the bond, in case such amount can be ascertained by the court without an issue and trial."

No other statute authorizes this court to render a judgment against the sureties on such a bond nor does any statute authorize this court to direct the superior court to render judgment against the sureties upon such a bond when rendering a judgment in pursuance of direction of this court. Plainly, we think, the failure of this court to render judgment against the sureties, or to direct such judgment to be rendered by the superior court, was not *res adjudicata* of Wood and Empson's rights as against the sureties Fortune and Kreielsheimer.

In so far as the failure of the superior court to render such a judgment against the sureties Fortune and Kreielsheimer is concerned, it seems equally plain that a superior court has no power to render such a judgment in connection with a judgment it is by this court directed to render, because there is no statute authorizing a superior court to render such a judgment. Besides, as said in *Richardson v. Sears*, 87 Wash. 207, 151 Pac. 504: "We have held in a long line of cases that the trial court, after an appeal and remittitur, has no power to enter any other judgment or decree in the cause than that directed by the appellate court," and, as we have seen, this court did not direct the superior court to render any judgment against the sureties upon the bond.

It seems to be well settled law that whatever statutory right a successful party upon an appeal may have to a summary judgment rendered by the appellate court against sureties upon a supersedeas bond in connection with the final disposition of the case by the appellate court is a remedy merely cumulative of the common law remedy, and does not affect the right of such successful parties to maintain an independent action upon such a bond in lieu of such statutory remedy. 2 R. C. L. 319. We conclude that the failure of this

court and the superior court to render judgment against Fortune and Kreielsheimer, as sureties upon the supersedeas bond, when the case of Hayes & Porter against Wood and Empson was finally disposed of, did not in the least impair the right of Wood and Empson to seek recovery in an independent action upon the supersedeas bond.

It is contended in behalf of appellant Alice Empson that the superior court erred in denying her judgment against the executors of the estate of Jacob Kreielsheimer, who had executed the supersedeas bond as surety with Fortune. The superior court denied recovery so claimed, because there had not been presented to the executors any claim preliminary to this action as required by Rem. Code, §§ 1472-1479. The only thing done by Wood or Empson looking to the presentation of such a claim was the presentation to the executors of an abstract of the judgment for $1,-500 rendered by the superior court against Hayes & Porter by direction of this court, which abstract was certified to by the clerk of the superior court. This abstract fails entirely to show or to suggest any liability on the part of Fortune and Kreielsheimer as sureties upon the supersedeas bond. Indeed, there is nothing upon its face indicating that it is a claim against the sureties or the executors of the estate of Jacob Kreielsheimer. Besides, it is not supported by the oath of any one as required by Rem. Code, § 1473. It is argued by counsel for Empson, first, that it is not such an obligation as is required to be supported by oath upon presentation to an executor or administrator; and, second, that these executors waived formal presentation thereof by writing Wood and Empson a note rejecting a claim but not designating this one. These contentions are both effectually answered by our holding in *Barto v. Stewart*, 21 Wash. 605, 59 Pac. 480, *Ward v.*

*Magaha,* 71 Wash. 679, 129 Pac. 395, *Seattle Nat. Bank v. Dickinson,* 72 Wash. 403, 130 Pac. 372, *Butterworth v. Bredemeyer,* 89 Wash. 677, 155 Pac. 152, and *Zuhn v. Horst,* 100 Wash. 359, 170 Pac. 1033. By these decisions it has become the settled law of this state that the proper presentation of a claim is a fact to be proven essential to the cause of action, and that an executor or administrator cannot, because of the mandatory provisions of our claim statute, waive such presentation so as to estop himself from defending upon the ground of want of such proper presentation. This alleged claim, in its last analysis, was not presented in writing at all, but a paper was presented which it is claimed, supplemented by oral evidence, constituted a claim, but which upon its face was not a claim against the estate of Kreielsheimer. Presentation of the claim was denied, and one of the questions of fact tried in the case. Plainly, we think, the trial court did not err in denying recovery against the executors for want of proper presentation of the claim sued upon.

It is further contended in behalf of appellant Fortune that he was in law released from liability upon the supersedeas bond because of Empson's failure to present a proper claim to the executors of the estate of Jacob Kreielsheimer, which resulted in her failure to recover against them. Counsel rely upon the general rule that the release by the beneficiary of one of two jointly bound cosureties will effect the release of the other, at least to the extent that the right of contribution of the other surety against the one so released is impaired thereby. We may concede, for argument's sake, this to be the law applicable when the release of one surety is effected by contract made with him by the beneficiary. However, no authority has been brought to our attention holding, where one of two sureties is released, as were these executors, that such release im-

pairs the beneficiary's rights to recover the full amount
of the bond from the other, providing the bond upon
which he sues is a several as well as a joint obligation,
permitting his suing upon the bond and recovery in an
action against one alone. It seems to us that Empson
is in no less favorable position here than as if she had
sued Fortune alone. If she could have done that, she
could not now be held without right of recovery against
him for the full amount by reason of her present situ-
ation relative to the executors. Plainly she did not re-
lease the executors by any contract or understanding
had with them; besides, she commenced this action on
March 10, 1916, plainly within the year for the pre-
sentation of claims to the executors, since they were
appointed as such April 16, 1915. As to when there-
after they gave notice to creditors we are not advised,
so that, in so far as the impairing of Fortune's right
of contribution is concerned, he had ample time to pre-
sent his contingent claim of contribution to the execu-
tors which might result from the recovery of the judg-
ment against him for the whole amount of the bond.
It would seem, therefore, that, if Empson was at all
bound to take notice of the contribution rights which
might arise as between the sureties, she, in any event,
did not prevent Fortune from protecting his contribu-
tion right as against the executors. We do not express
any opinion in regard to her legal duty in that behalf.

Our inquiry must go back to the question of whether
or not Fortune could be sued and recovered against as
upon a several liability, that is, was his liability under
this surety bond several as well as joint with Kreiel-
sheimer? The surety bond here sued upon is not in
express terms either joint or several. Aside from its
conditions, it reads as follows:

"Know All Men By These Presents, that we Hayes
& Porter, Inc., a corporation, as principal being the

plaintiff herein, and J. Kreielsheimer, and John Fortune, sureties are held and firmly bound unto the defendants, Amos Wood and Alice Empson in the full sum of $3,400 lawful money of the United States, in which sum we bind ourselves, our assigns, heirs, executors and administrators firmly by these presents—''

Counsel have not given us the benefit of the citation of any authorities throwing light upon the question of whether or not the bond is, in law, several as well as joint. What independent investigation we have found time to make upon the subject convinces us that after all it is a question of intent on the part of those who execute such obligations, to be determined from the language of the instrument and the circumstances of each particular case. Looked at in this light, and having in view the purpose of the execution of such bonds and the statutes requiring their execution in order to stay proceedings upon appeal, we feel constrained to adopt the view that this is in law a several as well as a joint obligation. Having arrived at this conclusion, we think it follows as a matter of course that Fortune could have been sued upon the bond separately, and that he was severally as well as jointly liable for the whole amount recovered thereon. This being so, and Empson being no more unfavorably situated than if she had sued Fortune separately, it was not error to render judgment in her favor against Fortune alone, though she was unable to recover against the executors of his cosurety's estate.

We conclude that the judgment must be affirmed. It is so ordered. Neither Empson nor Fortune will recover costs in this court, but the executors will recover costs in this court against Empson.

ELLIS, C. J., WEBSTER, MAIN, and FULLERTON, JJ., concur.