[No. 15096.   Department One.   May 14, 1919.]

FIRST SECURITY & LOAN COMPANY, *Appellant,* v.
GERTRUDE S. ENGLEHART, *Executrix and Trustee
of the Estate of Ira P. Englehart,
Respondent.*[1]

STATUTES (75)—CONSTRUCTION—CODES.  The Law of 1917, p. 642,
designated as "Probate Code" being a complete and comprehensive
act on the subject-matter of its title, its sections are *in pari materia,*
and must be harmonized and construed together.

EXECUTORS AND ADMINISTRATORS (72)—CLAIMS—NECESSITY.  The
statute of nonclaim, Laws 1917, p. 673, § 107, is mandatory and
requires that claims against estates be presented within six months.

SAME (72)—CLAIMS—NECESSITY—UNDER NONINTERVENTION WILLS.
Creditors of estates under nonintervention wills must present claims,
in view of the Probate Code, Laws 1917, p. 666, § 92, requiring such
executors to give notice to creditors and to pay claims within one
year thereafter, and Id., p. 673, § 107, requiring every executor to
give notice to creditors to present claims within six months, and
barring all claims not so presented.

SAME (81)—CLAIMS—STATEMENT AND VERIFICATION.  Under Pro-
bate Code, Laws 1917, p. 673, § 108, requiring every claim filed to be
supported by affidavit, an unsupported claim is ineffectual.

Appeal from a judgment of the superior court for
Yakima county, Taylor, J., entered August 5, 1918,
upon findings in favor of the defendant, in an action
on a claim against an estate.  Affirmed.

*Richards & Fontaine,* for appellant.

*Riggs & Venables,* for respondent.

MITCHELL, J.—On June 30, 1916, Ira P. Englehart
gave his note for $14,370 to the First National Bank of
North Yakima.  To secure its payment, he deeded to
plaintiff, First Security and Loan Company, two pieces
of real property, and assigned to it thirty shares of the
capital stock of the Klickitat & Simcoe Irrigation Com-

[1] Reported in 181 Pac. 13.

pany.  A trust agreement in writing was entered into at the same time, whereby it was agreed that plaintiff should hold title to the property to protect and secure the indebtedness due the bank.  It gave plaintiff the right to sell the property at such price as it deemed advisable at any time the bank considered it necessary. It provided that, if the proceeds of sales of the property were not sufficient to pay the debt, Englehart was obligated to pay the balance.  Englehart died on December 8, 1916, leaving a nonintervention will, by which he devised all his property to his wife, Gertrude S., and their two children.  The will was admitted to probate by the superior court of Yakima county on December 12, 1916, and Gertrude S. Englehart, nominated therein as executrix, was duly appointed and on the same day qualified as executrix.  On December 15, 1916, for the purpose of making proof of the solvency of the estate, the attorney for the executrix requested and received from the bank a statement of the Englehart indebtedness.  The statement was not verified. No other statement of the claim was ever presented to the executrix or her attorney.  Pursuant to an order of the superior court, she gave due and proper notice to creditors, the first publication of which was on December 18, 1916.  In January, 1917, a part of the property held in trust was sold, with the written consent of the executrix, and the proceeds applied on the note. Thereafter, on February 23, 1917, May 25, 1917, August 10, 1917, and November 7, 1917, the executrix made payments on the note at the bank and was at all times familiar with its face value.

After December 18, 1917, the time within which creditors were allowed to present their claims having expired, the bank was notified that, because of its failure to present a duly verified claim, the estate would not be responsible for any amount and that it must look

only to the property held in trust to secure the payment of the note. Thereupon the bank assigned its rights and transferred the note to plaintiff, which brought this action demanding judgment against the executrix as such for the amount due on the note; that the trust property remaining on hand be sold and the proceeds applied on the amount found due; and that the deficiency, if any, be declared a just and valid claim against the estate. Upon a trial, the court made findings and conclusions, and entered judgment favorable to plaintiff except that it was not entitled to have the amount due on the note allowed as a claim against the estate, but that it must look solely to the security held by it for the satisfaction of the debt.

Plaintiff has appealed from that portion of the judgment denying it a judgment against the estate, or the defendant as executrix thereof, other than the right to have the trust property sold and the proceeds applied to the payment of the debt.

Appellant states the appeal presents only two questions:

"First, was it necessary under the existing status of our probate law to present the claim to the executrix who was administering the estate under a nonintervention will. Second, if presentation was required, what was necessary to constitute such a presentation as would establish the debt as a valid claim against the estate."

As to the first proposition, it will be observed that the probate code of 1917 became effective about the middle of the year within which creditors were notified to present their claims in this estate. Insisting there is a difference in the 1917 law, as compared with the law prior thereto, with respect to the matter of the presentation of claims where the estate is being administered under a nonintervention will, appellant con-

tends the later law controls in this case. The difference between the pertinent portions of the old and of the new statute concerning nonintervention wills is, that, whereas the prior law (Laws of 1897, page 285, § 1, same being § 1444, Rem. Code) provides:

"That in all such cases the claims against such estates shall be paid within one year from the date of the first publication of notice to creditors to present their claims, unless such time be extended by the court, for good cause shown, for a reasonable time: . . .;"

the present law (probate code of 1917, § 92, ch. 156, page 666, Laws of 1917) provides:

"It shall not be necessary to take out letters testamentary or of administration, except to admit the will to probate and to file a true inventory of all the property of such estate and give notice to creditors and to the state board or person having charge of the collection of inheritance tax, in the manner required by existing laws."

This court, in the case of *Foley v. McDonnell*, 48 Wash. 272, 93 Pac. 321, upon quoting the provisions of the nonintervention will statute of 1897 with reference to notice to creditors to present claims, and the statute requiring creditors to present their claims, said:

"These two provisions last above quoted seem to make it clear that, in cases of nonintervention wills, creditors shall present their claims within one year of the publication of notice, and failure so to do bars such claim the same as in other classes of wills. It is true this court held otherwise in *Moore v. Kirkman*, 19 Wash. 605, 54 Pac. 24, and possibly in other cases. But these cases arose under the statute before 1897, when the amendments above quoted were made to the statute in force at that time. Under the present statute, we are of the opinion that it is the duty of the executor, under wills like the one in question, to publish a notice to creditors, and failure of the creditors to file a claim within the year bars such claim."

Discussing the probate law of 1917, counsel for appellant notices that subdivision 13 of it is devoted to "settlement of estates without administration," contains the section with reference to nonintervention wills, and has no provision directing creditors to present their claims; and makes the argument that this subdivision seems, and apparently is intended, to be complete in itself and to contain all the law governing the administering of estates under nonintervention wills.

We are not convinced by the argument. The law of 1917 (p. 642) is designated "Probate Code," and entitled: "An Act to establish a code of probate law and procedure, including the making and probating of wills, administration of estates of deceased persons; etc." It consists of 223 sections, and besides a portion designated "General Provisions," it has 23 subdivisions; being altogether a complete and comprehensive act upon the subject-matter of its title. The whole constitutes a general system which must be respected as such in all attempts at construction. The sections and subdivisions are *in pari materia* and, by the well-established rule, must be harmonized, read, and construed together, thus forming a complete statutory structure enacted all at the same time. *State ex rel. Miller v. Griffin,* 46 Wash. 489, 90 Pac. 661; 2 Lewis' Sutherland, Statutory Construction (2d ed.), p. 847.

Section 107 of the probate code of 1917 (p. 673) requires that:

"*Every* executor . . . shall, immediately after his appointment, cause to be published . . . a notice to the creditors of the deceased, requiring all persons having claims against the deceased to serve the same on the executor . . . or his attorney of record, and file [the same] . . . within six months after the date of the first publication of such notice. . . . If a claim

be not filed within the time aforesaid, it shall be barred.''

This statute is but a repetition of the prior law as found at §§ 1470 and 1472, Rem. Code, except that formerly a creditor had a year in which to present his claim. Such statute of nonclaim is mandatory. *Empson v. Fortune*, 102 Wash. 16, 172 Pac. 873, and cases cited; *In re Parkes' Estate*, 105 Wash. 586, 178 Pac. 830.

Counsel for appellant, contending for the negative as to each, the necessity for presenting a claim and the necessity for its verification in the case of a nonintervention will, relies upon numerous Texas cases and the early case of this court of *Moore v. Kirkman*, 19 Wash. 605, 54 Pac. 24. Obviously, they are not in point because our present statute differs from the statutes those cases construed. The statute of Texas provides:

"Any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate." Art. 1995, Revised Statutes of Texas, 1895; Vernon's Sayles' Texas Civil Statutes, 1914, Vol. 2, art. 3362.

It is to be observed that the Texas statute makes no provision for notice to creditors. Our statute, prior to 1897, which was § 955, vol. 2, Hill's Code, was to the same effect as the Texas statute, which accounts for the rule of *Moore v. Kirkman, supra,* as remarked by this court in the case of *Foley v. McDonnell, supra.*

So that, if we consider this case in the light of the 1917 statutes with reference to administering estates under nonintervention wills, notice to creditors, and the necessity for presenting claims, or the similar statutes in force just prior thereto, it necessarily fol-

lows there was necessity for the appellant to present its claim to the executrix prior to the expiration of one year from the date of the first publication of her notice to creditors.

Appellant's second point is important because only an unsworn statement of the claim was furnished by the bank. We have seen that the statute at all times since 1897 required *every* executor to give notice to creditors to present their claims. By § 108 (p. 673) of the probate code of 1917, "every claim served and filed," and by the prior law, Rem. Code, § 1473, "every claim presented," is required to be supported by the affidavit of the claimant that the amount is justly due, no payments have been made thereon and there are no offsets to the same. To declare that there may be a proper presentation of a claim against an estate without its being supported by the affidavit of the claimant would at once nullify the law. This court, in the case of *Empson v. Fortune, supra,* in writing on this subject, after stating that the claim there involved was not supported by the oath of any one as required by the statute, and that it was contended the obligation was not such as is required to be supported by affidavit upon its being presented to an executor, and that it was further contended the executors had waived formal presentation of the claim, gave a list of cases of this court effectually answering those contentions, and said:

"By these decisions it has become the settled law of this state that the *proper* presentation of a claim is a fact to be proven essential to the cause of action, and that an executor or administrator cannot, because of the mandatory provisions of our claim statute, waive such presentation so as to estop himself from defending upon the ground of want of such proper presentation."

Again, in the case of *Ward v. Magaha,* 71 Wash. 679, 129 Pac. 395, this court said: "Claims against estates

are collectible under the statute, and not otherwise.''
The statutes are plain.    A claim must not only be pre-
sented, but it must be supported by affidavit.

Judgment affirmed.

CHADWICK, C. J., TOLMAN, MACKINTOSH, and MAIN,
JJ., concur.