Argued January 31, reversed and remanded February 14, 1928.

IN RE PARTNERSHIP ESTATE OF H. GIBSON & SON.
GIBSON & SON, CREDITORS, *v.* GIBSON, ADMINISTRATOR.

(264 Pac. 371.)

**Executors and Administrators—Administrator of Insolvent Estate Held Liable for Payments Made in Good Faith on Unverified Claims (Or. L., § 1240).**

1. Section 1240, Or. L., requiring verification of claims against estate by affidavit was enacted for the protection of creditors as well as for protection of decedent's representative, and, where estate was insolvent and could pay only about 50 per cent of claims, administrator was liable for payments made on unverified claims, and must account therefor on objections of other creditors, even though he acted in good faith.

**Constitutional Law—That Statute Operates Harshly in Particular Case Does not Warrant Nullification Thereof by Judicial Construction.**

2. That statute operates harshly in a particular case does not warrant nullification thereof by judicial construction.

---

Executors and Administrators, 23 C. J., p. 1170, n. 16, 17. 24 C. J., p. 355, n. 30, p. 370, n. 34, 35.

From Wasco: FRED W. WILSON, Judge.

In Banc.

REVERSED AND REMANDED.

For appellants there was a brief over the name of *Mr. Albert W. Gentner,* with an oral argument by *Mr. William B. Layton.*

For respondents there was a brief over the name of *Messrs. Van Vactor & Butler,* with an oral argument by *Mr. R. R. Butler.*

---

1. Necessity for verification of claim, see note in 130 Am. St. Rep. 318. See, also, 11 R. C. L. 195.
2. See 6 R. C. L. 106; 25 R. C. L. 807.

124 Or.—13

BELT, J.—1. Randolph Gibson was appointed administrator of the partnership estate of H. Gibson and Son. The estate was insolvent, having funds to pay only about 50 per cent of the claims of the creditors. Objection was made to the confirmation and approval of the final report of the administrator, by reason of the payment of 50 per cent dividends on seventeen claims not verified by affidavit as required by statute. The County Court overruled the objections to the final report and an appeal was had to the Circuit Court, where the same ruling was made. The objecting creditors now appeal to this court.

The question presented is whether the administrator should be given credit for payments on claims, known by him to be just and subsisting liabilities, when presented without verification by affidavit.

Section 1240, Or. L., provides:

"Every claim presented to the executor or administrator shall be verified by the affidavit of the claimant, or someone on his behalf, who has personal knowledge of the fact, to the effect that the amount claimed is justly due, that no payments have been made thereon, except as stated, and that there is no just counterclaim to the same, to the knowledge of the affiant. * * "

Section 1241, Or. L., provides:

"When the claim is presented to the executor or administrator, as prescribed in the last section, if he shall be satisfied that the claim thus presented is just, he shall indorse upon it the words 'examined and approved,' * * and shall pay such claims in due course of administration; * * ."

The statutory provision requiring the verification of claims by affidavit was enacted primarily for the benefit of the executor or administrator to enable

him to pass intelligently upon claims presented and to prevent spurious or fictitious claims.   However, it cannot be said that the legislature intended to ignore the rights of those interested in the estate.   The administrator is a representative of the heirs, legatees, distributees and all of the creditors.   It is not for him to waive the provisions of the statute relative to verification in favor of or against any particular creditor.   It is not for him to place upon the same plane creditors who have failed to comply with the statute and those who have conformed to it.

This court has several times held the statute requiring the verification of claims by affidavit to be imperative.   In *Zachary* v. *Chambers,* 1 Or. 321, it is said:

"The language of the statute is 'that every claim presented to the administrator shall be supported by the affidavit of the claimant.'

"But the plaintiff says this is not imperative upon the creditor to do, nor the administrator to require.   Such a construction, we think, would cut up by the roots all rules of interpretation, and transfer the functions of the lawmaker from the halls of the legislature to the courtroom."

Also, see *Willis* v. *Marks,* 29 Or. 493 (45 Pac. 293), and *Goltra* v. *Penland,* 42 Or. 18 (69 Pac. 925), wherein the presentation of a claim as prescribed by statute is held to be essential to its validity.   We are not dealing with a defective verification, but our case is one where there has been a total failure to comply with the statute.

In the State of Washington, under a similar statute, it has invariably been held that the language of the act requiring the verification of claims is mandatory: *Hammond* v. *Waddingham,* 127 Wash. 234 (220

Pac. 796); *Dillabough* v. *Brady,* 115 Wash. 76 (196 Pac. 627); *First Security & Loan Co.* v. *Engelhart,* 107 Wash. 86 (181 Pac. 13); *Empson* v. *Fortune,* 102 Wash. 16 (172 Pac. 873). In the Dillabough case the court said:

"We have often held that the administrator has no power to waive any of these mandatory provisions of the statute. If the administrator cannot waive them, the court cannot authorize him so to do."

If the record disclosed a solvent estate the question of waiver would demand serious consideration, for, in that event, since there would be sufficient funds to pay all creditors, it might well be said that the appellants could not be injured and, therefore, are not in a position to complain. That a different rule is applicable to insolvent estates is well settled: *Gould* v. *Tingley,* 16 N. J. Eq. 501; *Kinnan* v. *Wight,* 39 N. J. Eq. 501; *Seymour* v. *Goodwin,* 68 N. J. Eq. 189 (59 Atl. 93).

The statute was enacted for the protection of the creditors as well as for the benefit of representatives appointed by the court to administer the estate. It will not do to argue that there may be a waiver of the rights of creditors whose interests are substantially affected. Certainly they did not waive their rights. They objected to the final report. On the seventeen claims which were not verified, the administrator, without authority, although acting in good faith, paid the sum of $1,098.27, for which he is liable and must account. If this money had not thus been paid, it would have been available for distribution among creditors presenting their claims as prescribed by statute. Under such circumstances the objecting creditors have a right to complain: 24 C. J. 364.

2. We are not unmindful that the conclusion reached operates harshly in this particular case, but such does not warrant the court, by judicial construction, to nullify a statute. Hard cases too often result in bad law. Any other construction would place a premium upon careless and negligent administration of estates and would defeat the purpose and spirit of the statute.

There are other objections to the final report but they are of minor importance and will be considered as overruled.

The decree of the Circuit Court confirming the final report of the administrator, in so far as it pertains to payment of claims not verified, is reversed and the cause remanded, with directions to proceed not inconsistent with this opinion.

REVERSED AND REMANDED.

BEAN and ROSSMAN, JJ., not sitting.