[No. 21223.  Department One.  June 25, 1928.]

*In the Matter of the Estate of* Alfred Edward Arquette, *deceased.*

Anna Arquette, *Appellant,* v. E. B. Fish, *Respondent.*[1]

[1] Executors and Administrators (72, 158-2)—Claims to be Presented—Accounting—Executor's Claim Settled With Devisee. Where the sole heir and devisee, during the time permitted for filing claims against the estate, made an assignment of certain treasury certificates to one appointed and acting as executor, in satisfaction of the executor's claim in a larger sum, for services rendered to the deceased, the executor's personal claim thereto, upon filing his final account, made in the form of a claim against the estate, is not invalid because not presented and allowed as a claim within the time required for filing claims; since title had passed to him by virtue of the assignment.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered February 20, 1928, upon findings in favor of the defendant, approving a final account as executor.  Affirmed.

*Robert B. Abel,* for appellant.

*Crandell & Crandell* and *Charles W. Smith,* for respondent.

Tolman, J.—This is an appeal from an order approving the final account of an executor under a nonintervention will.

The will in question directs the payment of the testator's just debts, makes the surviving wife, the appellant here, the sole devisee and legatee, and appoints the respondent E. B. Fish as executor and directs that, after the statutory steps are taken, he shall proceed to manage, settle and distribute the estate without the intervention of any court.

¹Reported in 268 Pac. 610.

That the preliminary statutory steps were properly taken and an order of solvency duly entered is not questioned. After the estate had been in process of settlement for some two or three years, the appellant filed a petition making serious charges against the executor and praying for a citation requiring him to appear and show cause why he should not be removed. Whether the citation was issued or the petition was ever served on the executor does not appear. But shortly after that petition was filed, the executor presented his final account with a petition for final adjudication. In the final account, among the claims listed as presented against the estate, was the following:

"E. B. Fish—for services as secretary to the
deceased for 18 months; money paid at
the special instance and request of de-
ceased—also to include executor's fees...$4,000.00"
and under the heading of disbursements appears:
"To E. B. Fish—as per claim presented.... 2,770.70"

Appellant filed exceptions to these two items in the final account, but to none other, upon the ground and for the reason that respondent's claim was not presented for allowance or rejection to the court within six months after the date of the first publication of the notice to creditors, or at all, and upon the further ground that respondent's reasonable compensation as executor would not exceed $500 in amount. The final account, with the exceptions, came on for hearing before the court, and the petition heretofore referred to, making charges of fraud and wrong-doing against the executor, seems to have been somewhat considered, as appellant was permitted to present all of her testimony in support of the charges contained in her petition. After a full hearing, the trial court found that there had been no fraud or wrong-doing on the part of the executor, overruled appellant's exceptions to

the final account, and entered a final decree approving the final report and making final distribution of the estate. Appellant has appealed from that part of the decree approving the executor's claim, confirming his acts and discharging him without requiring him to account to the estate for the sum of $2,770.70.

[1] Appellant seems to take the position that what the trial court did was in fact, or in effect, to allow a claim against the estate which was presented after the time within which claims might be presented had expired. She relies upon *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13; *Davis v. Shepard,* 135 Wash. 124, 237 Pac. 21, and like cases. Whether or not the rule of those cases is applicable here depends upon the facts.

With his final account, the executor filed his personal claim in form as already quoted, which was duly verified on December 29, 1924. Attached thereto as a part are the following:

"Hoquiam, Washington
March 7, 1925

"THIS IS TO ACKNOWLEDGE and admit as just and entitled to payment a claim by E. B. Fish of Hoquiam, Washington, for four thousand ($4,000.00) dollars and interest at eight per cent (8%) per annum for one (1) year against myself as heir and against the estate of ALFRED E. ARQUETT, my deceased husband and against my one half undivided interest in the estate.

"The claim to be satisfied is for services as secretary to my late husband and executor of the estate and for money borrowed by Mr. Fish to pay bills contracted by Mr. Arquett which bills because of sickness he was unable to pay.

"In satisfaction of the above claim, I hereby turn over to the Lumbermans Bank and Trust Company of Hoquiam, Washington, five (5) United States Treasury certificates for eight hundred ($800.00) dol-

lars each and the accrued interest, I request that these certificates be sent to the proper authorities in Washington, D. C., and the check returned to me in care of the Lumbermans Bank and Trust Company and I hereby agree to sign the same when notified of its arrival and further instruct said bank to pay the check to E. B. Fish in part satisfaction for the above claim.

"This assignment binds my heirs and assigns forever,                                    ANNA ARQUETT.

"STATE OF WASHINGTON   ⎫
"COUNTY OF GRAYS HARBOR ⎬ ss.

"On this 7th day of March, 1925, before me, a Notary Public in and for the State of Washington, personally appeared Mrs. ANNA ARQUETT to me known to be the person who executed the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act for the purposes therein mentioned.

"IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal on the day and date in this certificate first above written.

Notarial    ·    MARGARET KATHERINE STEWART,
  Seal       Notary Public for Washington, Residing
                        at Aberdeen."

"Hoquiam, Washington
March 7, 1925

"Mr. Dawdy, Cashier,
Lumbermans Bank & Trust Company,        4075
Hoquiam, Washington
"Dear Sir:

"I present herewith five (5) U. S. Treasury Certificates which I request you to send to Washington, D. C., to be cashed and returned to me in care of your bank. On receipt of same I request you to notify E. B. Fish, executor of the estate of A. E. Arquett and I agree to sign said check and further instruct you to turn the same to E. B. Fish.        ANNA ARQUETT.

"STATE OF WASHINGTON   ⎫
"COUNTY OF GRAYS HARBOR ⎬ ss.

"On this 7th day of March, 1925, before me, a Notary Public in and for the state of Washington, personally appeared Mrs. ANNA ARQUETT, to me known to

be the person who executed the foregoing instrument and acknowledged to me that she executed the same as her free and voluntary act for the purposes therein mentioned.

"IN WITNESS WHEREOF I have hereunto set my hand and affixed my official seal on the day and date in this certificate first above written.

Notarial       MARGARET KATHERINE STEWART,
Seal     Notary Public for Washington Residing at Aberdeen."

These instruments were all executed and delivered well within the period for the presentation of claims against the estate and at a time when the respondent, if something of the kind had not been done, could have presented his claim in the regular way to the court for allowance.

The theory of the respondent is that, by these instruments, appellant is now estopped, and while that may very well be, we think they go much further, and create a valid assignment of the securities mentioned and of the fund to be derived therefrom, based upon sufficient consideration. The testimony shows that the transaction was consummated and the money received by respondent, but he found it necessary to use the fund in part for the benefit of the estate and did so, waiving his personal claim to that extent and applying only the unexpended balance in satisfaction of his claim. The trial court, therefore, was not called upon to allow a claim of the executor, but only to approve a consummated transaction by which the executor had applied to his own account a part of what the sole beneficiary of the estate had assigned to him for that purpose, as she had a perfect right to do in the absence of complaint by other creditors.

We have considered with care all of the evidence relating to the contention that appellant's signatures to the documents attached to the respondent's claim

were secured by misrepresentation and fraud. Not only is the evidence wholly insufficient to prove fraud with that clarity which the law requires, but in justice to respondent and to the attorney who acted for him in the probate of the estate, it should be said that the record, taken as a whole, completely exonerates them.

Finding no error, the judgment appealed from is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and ASKREN, JJ., concur.