Argued September 21, affirmed December 4, 1928, costs retaxed January 29, 1929.

# ADOLF O. KIRCHNER *v.* ROBERT G. CLOSTERMAN, EXECUTOR.

(272 Pac. 278.)

For appellant there was a brief and oral argument by *Mr. Robert J. O'Neil.*

For respondent there was a brief and oral argument by *Mr. Julius Silverstone.*

McBRIDE, J.—Much printer's ink has been wasted in a discussion of the various points in this case when we consider the fact that there is one point that clearly settles the controversy in favor of the defendant. Section 1240, Or. L., is as follows:

"Claim, How Presented and Verification of. Every claim presented to the executor or administrator shall be verified by the affidavit of the claimant, or some one on his behalf, who has personal knowledge of the fact, to the effect that the amount claimed is justly due, that no payments have been made thereon, except as stated, and that there is no just counterclaim to the same, to the knowledge of the affiant. When it appears or is alleged that there is any written evidence of such claim, the same may be demanded by the executor or administrator, or that its non-production be accounted for."

The verification of the claim presented wholly omits to state "that there is no just counterclaim to the same, to the knowledge of affiant." The statute imperatively requires that this statement be included in the verification. It is material, and, if the claimant can omit one material requirement of the law, he can omit all and present an unverified claim. As said in *Williams* v. *Purdy,* 6 Paige (N. Y.), 166, and quoted with approval in *Zachary* v. *Chambers,* 1 Or. 321:

"The object of requiring the affidavit of the creditor in such cases is not to prove the existence of the debt, as it is not evidence for that purpose, but it is to prevent the exhibition of fictitious claims against the estate of the defendant, which have been discharged by him in his lifetime; and also to prevent the allowance of claims against which there existed a legal offset *known only to the party presenting such claims* and which those who are interested in the estate of the decedent may be unable to establish by legal proof."

Again, in *Partnership Estate of H. Gibson & Son* v. *Gibson,* 124 Or. 193 (264 Pac. 371), this court, speaking through Mr. Justice BELT, said:

"The statutory provision requiring the verification of claims by affidavit was enacted primarily for the benefit of the executor or administrator to enable him to pass intelligently upon claims presented and to prevent spurious or fictitious claims. However, it cannot be said that the legislature intended to ignore the rights of those interested in the estate. The administrator is a representative of the heirs, legatees, distributees,. and all of the creditors. It is not for him to waive the provisions of the statute relative to verification in favor of or against any particular creditor. It is not for him to place upon the same plane creditors who have failed to comply with the statute and those who have not conformed to it.

"This court has several times held the statute requiring the verification of claims by affidavit to be imperative."

The case of *Aiken* v. *Coolidge,* 12 Or. 244 (6 Pac. 712); when properly considered, does not conflict with the views herein expressed. In that case the claimant, instead of preparing a claim separately and appending thereto the verification required by statute, presented an affidavit which contained a statement of the claim, and also every fact required by statute as a verification. In the language of the court, "the respondent deposed to the fact that the estate was indebted to her in the amount; that there were no legal set-offs or counterclaims existing against it; that no payment had been made thereon, and that the amount was due her."

The objection was to the *form* of the claim presumably because the claim and its verification were in the form of a single document. The court held that the claim and verification were sufficient as to *form* and remarked that, if they had not been, the rejection should have been made on that ground.

Here the defect is not in the *form* of the verification, but in substance, the omission of an imperative statutory requisite.

At the risk of repetition, we again say that, until every statutory requirement in regard to the verification of a claim is complied with, the executor has no authority to allow a claim. Neither has a claimant a right to bring an action. In the case at bar, there was a legatee, a sister, and also a residuary legatee and, if the executor had allowed an unverified claim, he would have found himself in the position of the defendant in the Gibson case heretofore cited, liable to make good to the legatee out of his own pocket. In the present case, it appears that the estate is solvent and it follows that the claimant, by presenting his claim with the proper verification, will have an ample opportunity, if rejected, to litigate it, but, until such presentation, he has no standing in the court.

Under our view of the case, there could have been no amendment of the present cause of action, and the order of the court granting a nonsuit tended rather to hasten than to delay proceedings to the extent that plaintiff could more seasonably present a proper claim and have it litigated.

The judgment is affirmed.

AFFIRMED. COSTS RETAXED.

BEAN, J., absent.