[No. 382.   Decided February 19, 1892.]

R. J. PARK, *Respondent*, v. W. E. MIGHELL, D. RICHARDS, CHARLES WILSON, AND H. O. PIERCY, *Appellants*.

BROKERS—COMMISSIONS—ACTIONF OR MONEY HAD AND RECEIVED—REPORT· OF REFEREE—FEES—ATTACHMENT—JUDGMENT ON BOND.

Where an agent has made sales for his principal under a contract allowing him commissions, and the principal has collected certain sums of money as the proceeds of such sales, the agent cannot recover his commissions in an action for money had and received.

Plaintiff brought an action for commissions on sales under a contract providing that he was to obtain written orders for safes upon a blank form furnished him; a list of prices had been furnished him, and his compensation was to be whatever he could obtain for the safes above a certain percentage, which was to be net to his employers; in some cases he was to pay freight.   The order for safes expressly stipulated that where there was a sale on time, the title to the safe should not pass until the whole price was paid, time being of the essence of the contract.   The contract of plaintiff with defendants provided that plaintiff should receive fifty.

dollars every seven days, which was to be charged up against his commissions when earned. *Held,* That plaintiff was entitled to commissions only upon moneys actually collected upon orders taken by him.

Where an action at law is tried by a referee, who is charged to find the facts and the law, he should find the facts in detail; and where there is a counter claim filed in the action, he should state clearly what items he allowed for and against each party.

Where a referee employs a stenographer and typewriter in taking testimony before him, he cannot increase his fees to more than the twenty cents per folio for writing the testimony allowed him by § 514, Code 1881.

Judgment against the sureties upon a bond in an action where an attachment is levied is authorized by § 317, Code of Procedure, without notice to him.

### Appeal from Superior Court, Pierce County.

Action by R. J. Park against Mighell & Richards to recover $758.96 as commissions for safes sold by plaintiff for defendants, as their agent and salesman. Plaintiff attached defendants' stock of safes at Tacoma, and to release said attachments defendants gave bond, with Charles Wilson and H. O. Piercy as sureties. The cause was tried before a court commissioner, and upon his report the court gave judgment for plaintiff in the sum of $300. Defendants appeal.

*H. W. Lueders,* for appellants.

*Thomas Carroll,* and *Charles Lytle,* for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent insists that this is an action for money had and received, but we do not so view it. The money received by the appellants from the purchaser of each safe belonged to them, and their relation to respondent was that of debtors for his earned commissions. The allegations to the effect that appellants had collected certain sums, the proceeds of sales made by respondent, and ap-

propriated them to their own use, did not charge a conversion. It was all their money, and they had a right to appropriate it. These allegations need not have been made, but being made they did not change the cause of action, and it remained an action for commissions simply.

The contract under which respondent went to work for the appellants was, in substance, that he was to obtain written orders for safes on a blank form furnished him. Where the sale was for cash the conditions of the order made no difference, but wherever there was a sale on time it was expressly stipulated that the title to the safe should not pass until the whole price was paid. Time was of the essence of the contract, and all payments made were to be taken as forfeited in case there was a failure to make any additional payment, and the safe might be retaken. A list of prices of safes was furnished respondent, and his compensation was to be whatever he could obtain for goods above a certain percentage, which was to be net to his employers. In some cases he was to pay freight. The main question here arises as to when his commission was earned, for after pursuing the business five or six months he suddenly quit it, and this suit was for the full amount of all his commissions for all orders taken by him up to the day of his stopping work, without regard to whether any money had been collected by his employers or not. The appellants, however, contend that they were to pay him only as they were paid. The referee found for the respondent on this point, but we are unable to agree with him. The complaint, in the first place, was not drawn upon that theory, as is clearly shown by the care which is taken to allege that all the money had been collected by appellants for safes sold, so as to cut off any defense on that ground. Again, it was stipulated that respondent should receive fifty dollars every seven days, which was to be charged up against his commissions when earned, an arrangement which it was idle to

make if the moment he sent in an order which was accepted he became entitled to be paid a commission in cash. The evidence, so far as it shows anything conclusively, is all against the respondent in this matter. His own statement of his understanding of the contract is his way, of course, but there is nothing in the facts to justify his construction of the agreement.

The cause should be re-tried upon the following construction of the contract: (1) Respondent was entitled to have twenty-five dollars per week for the two weeks he worked at Seattle, and whatever he earned in commissions above that amount. (2) For each additional week he was engaged until he quit work he was entitled to fifty dollars. (3) For each safe sold for cash he should be at once credited with his commission. (4) At each payment made upon a safe sold on time he should be credited with his proportion of it as commission, earned by him; this should apply to safes returned or re-taken, the sum received as rent being considered as the proceeds of a sale. (5) Where orders were not accepted, or the purchasers refused to take and pay anything for the safes, there was no commission earned. (6) Respondent should not be charged with attorney's collection fees, or the costs or expenses of suits. (7) No reduction from the original percentage allowed respondent should be made, unless before the sale in which it is made he had notice from appellants that such reduction would be made upon that class of goods. (8) Freights for which respondent was chargeable should be debited to him when the amount was paid. (9) The fifty dollars per week advanced should be treated as a guaranteed commission or salary, not to be returned, except by charging it against commissions earned. (10) No interest should be allowed to either party.

We reverse this case because it is an action at law tried by a referee, who was charged to find the facts and the law.

He found no facts except those pertaining to the making of the contract and its terms. If he had found the other facts we might ourselves be able, under the view we take of the law, to reach a proper judgment. But it is not our duty to wade through this mass of figures and explanations to reach a statement of these accounts which the referee was employed to make. The court below should have refused to receive or consider the report of the referee until the facts in detail were found, and should have returned the testimony to him for that purpose. The amount sued for was $758.96, and the defendants set up a counter claim for $521.27. The referee simply finds that the plaintiff is entitled to $300, and recommends judgment in that amount. He must have some data from which to arrive at that sum; and he should have given the court the benefit of them by stating clearly what items he allowed for and against each party. In other words, he should state the account between them. It is only by so doing that the court can intelligently review his action, and decide whether to confirm or reject it. Code, § 254.

The matter of the fees of referees is fixed by § 514 of the code, and it would seem that in this case an excessive fee was allowed. The same section limits the rate per folio for taking testimony to twenty cents. In this case a larger price was charged and allowed. "Two copies" are included in the bill, and they probably increase the apparent rate. But the referee's fee is simply for writing the testimony. If he employs a stenographer and typewriter to act as his amanuensis, the fee is not increased.

Judgment against the sureties upon a forthcoming bond in an action where an attachment is levied is authorized by the statute, without notice to them.

The brief of appellants fairly bristled with points which have no foundation in the record, either before the court or the referee, and we cannot notice them here.

The judgment is reversed, and a new trial granted upon the testimony reported by the referee.

ANDERS, C. J., and HOYT, DUNBAR and SCOTT, JJ., concur.