[No. 12042. Department Two. April 29, 1915.]

GERSHOM McFERON et al., *Respondents*, v. FIDELITY &
DEPOSIT COMPANY OF MARYLAND et al., *Appellants*.[1]

APPEAL—SUPERSEDEAS BOND—LIABILITY—CONDITION OF BOND. Under our statute permitting joint appeals, and prescribing but one form of supersedeas bond whether the appeals be joint or several, and providing that the supreme court on appeal may affirm, reverse or modify the judgment appealed from as to any or all of the parties, a surety on an appeal and supersedeas bond, is not released from liability to perform the judgment by a reversal of the judgment as to one of the appellants, where the bond was conditioned to bind the surety as to any judgment rendered against the appellants.

APPEAL—SUPERSEDEAS BOND—LIABILITY—JUDGMENT — FINALITY— ALTERNATIVE CONDITIONS—REASONABLE TIME FOR ELECTION. In an action for rescission of a trade, a judgment setting aside a conveyance as fraudulent, and providing a condition by which the defendants could place themselves *in statu quo*, and as an alternative directing that judgment should go against them in a fixed sum and that execution could issue therefor, is not a conditional judgment, but is final, so as to fix the liability of sureties on a supersedeas bond, although no time was fixed for the exercise of defendants' option; since a reasonable time was implied.

SAME—FINALITY—ALTERNATIVE CONDITIONS — APPEAL — LIABILITY OF SURETY. In such a case, refusal of the supreme court, on affirming the judgment, to direct judgment against the sureties on the supersedeas bond, does not affect the finality of the judgment, or prevent the liability of the surety from attaching, after the expiration of a reasonable time for defendants to comply with the conditions tendered in the judgment.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered April 7, 1914, upon findings in favor of the plaintiffs, in an action on a supersedeas bond, tried to the court. Affirmed.

*Marion A. Butler*, for appellant.
*Samuel R. Stern*, for respondents.

[1]Reported in 148 Pac. 14.

FULLERTON, J.—On July 27, 1911, the respondents, Mc-Feron and wife, began an action in the superior court of Spokane county against the appellant Shoemaker, to rescind, on the ground of fraud, an executed contract wherein the respondents had been induced to convey certain real property owned by them to Shoemaker in exchange for certain personal property, consisting of money, promissory notes, and shares of stock in a wireless telephone and telegraph company. On the trial of the action, it appeared that the grantees in the deed had, between the date of the conveyance and the commencement of the action, mortgaged the real property as security for the sum of $6,000. The respondents recovered in the action; the judgment providing for a rescission of the conveyance and for a redelivery of the consideration given in exchange therefor. The conditions of the rescission were expressed in the decree as follows:

"(5) That the said plaintiffs shall surrender to the defendants the trustee's certificate No. 1672, representing ten thousand shares of the Continental Wireless Telephone & Telegraph Company in lieu of the certificates theretofore surrendered by the plaintiffs in the said Collins Company and also the unpaid Murphy notes and when the said defendants shall secure a release of the mortgage given to the Northwestern and Pacific Hypotheekbank for the sum of six thousand dollars, that then the plaintiffs shall simultaneously therewith pay to the said defendants the sums of money which plaintiffs have received from said Fred H. Shoemaker, including the said sum of fifteen hundred dollars, paid by check, and the various sums paid upon the notes, less any protest fees, or charges of that kind, paid by the said plaintiffs, as shown by the notices attached to the said notes, amounting to $5.65.

"(6) In the event that the said defendants fail to secure a release of said mortgage, then the plaintiffs may retain the amounts which they have received, and may have judgment for the sum of $1,865.65, representing the difference between the amount of said mortgage indebtedness against the property herein described and the amounts received by the

plaintiffs from all sources and on account of the exchange and protest fees paid and may have execution therefor."

On the entry of the judgment, the defendants in the action appealed therefrom to this court, giving a supersedeas bond with the appellant in the present action, Fidelity and Deposit Company of Maryland, as surety. The appeal resulted in a reversal of the judgment in so far as it provided for a personal judgment against the wife of Shoemaker, but in its affirmance in all other particulars. *McFeron v. Shoemaker*, 73 Wash. 450, 131 Pac. 1126. The court, however, remanded the case without directing a judgment in any form against the surety on the supersedeas bond. On the return of the remittitur, the judgment was modified in accordance with the direction of this court, and thereafter the judgment debtors complied with the judgment in so far as to reconvey to the respondents the real property received by them, but did not release or offer to release the mortgage thereon, nor did they pay to the respondents in lieu thereof, as they were required to do in the judgment, the sum of $1,865.65. The present action was begun by the respondents against the surety company to recover on the supersedeas bond the last mentioned sum. Issue was joined on the complaint and a trial had, resulting in a judgment against the surety company for the amount demanded, with interest. From this judgment, the present appeal is prosecuted.

While the appellant has made a number of assignments of error, but two questions are discussed in that part of its brief devoted to the argument. It is contended, first, that the appellant was released from its obligation on the appeal bond because of the partial reversal by this court of the judgment which the bond was given to supersede. The contention is rested on the ground that the language of the bond is joint in form; that, while the bond is conditioned to bind the surety as to judgments and orders rendered or made, or ordered to be rendered or made, against the appellants jointly on the appeal, it is not conditioned to bind the

surety to judgments or orders made, or directed to be made, against them severally. The case of *Marsh v. Byrnes,* 7 Cinn. L. Bul. (Ohio) 345, is cited as sustaining the contention. Seemingly, the case does so, but it was based on the case of *Lang v. Pike,* 27 Ohio St. 498, which we find was overruled in the later case of *Alber v. Froehlich,* 39 Ohio St. 245. But we could not accept the contention as controlling in any event. Our statute permits of joint appeals, and further provides that the supreme court may on the appeal affirm, reverse, or modify the judgment appealed from as to any or all of the parties. It provides for but one form of bond, conditioned in but one way, whether the appeal be joint or several. Since the bond in question was given pursuant to this statute and is conditioned as prescribed therein, it would be a perversion of its purpose and meaning to hold that, because the bond referred to the appellants jointly, instead of jointly and severally, it is insufficient to secure the respondents in so much of the judgment as was awarded in their favor.

The next contention is that the judgment is conditional, and cannot be enforced until it is reduced to a finality, definite and certain in its terms. But we think the judgment final rather than conditional. True, it contained optional conditions, concerning which the judgment creditors had the liberty of choice, but it was clearly the final determination of the rights of the parties to the action. It set aside the conveyance as fraudulent, provided a condition by which the defendants could place themselves *in statu quo,* and, as an alternative, provided that judgment should go against them in a fixed sum and that execution could issue therefor in case they did not comply with the conditions. No time was fixed in the judgment, it is true, within which the defendants were required to make their choice, but a reasonable time was implied, and after such reasonable time, execution could issue for the money judgment. But it is said that the refusal of this court to direct a judgment against the surety on

the supersedeas bond on remanding the cause on the first appeal is in effect a determination that the judgment was not final, and prevents an action upon the bond. We cannot so consider it. Since the judgment debtors had a reasonable time after the affirmance of the judgment to exercise the option granted them, this court could not well direct a judgment against the sureties on the supersedeas bond before that time expired. But we see no reason why this fact prevents the judgment creditors from maintaining an action on the bond when such reasonable time elapsed after the remand.

We find no error in the record, and the judgment will stand affirmed.

MOUNT, MAIN, PARKER, and ELLIS, JJ., concur.