THOMAS MARKS *vs.* OUTLET CLOTHING COMPANY et als.

Cumberland.     Opinion April 11, 1923.

*The liability of the sureties on a bond given by the principal to dissolve an attach-*
*ment of personal property under R. S., Chap. 86, Sec. 79, is not affected*
*by an adjudication in bankruptcy of the principal within four*
*months after the date of the bond.*

In an action of debt against the principal and sureties on a bond to release attach-
ment of personal property under R. S., Chap. 86, Sec. 79, in which the bank-
ruptcy of the principal within four months after the bond was given is pleaded,
*Held:*

1.  That the unqualified obligation under the bond was to pay the amount of
judgment and costs within thirty days after rendition of judgment.
2.  That the lien acquired by the attachment was gone when a bond to dissolve
the attachment was delivered.
3.  That this bond was a new obligation and was unaffected by the bankruptcy
proceedings.

On report on an agreed statement. An action of debt on a bond
given under R. S., Chap. 86, Sec. 79, to dissolve an attachment of
personal property. On December 2, 1921 the plaintiff in this action
brought an action against the Outlet Clothing Company, one of the
defendants in this action, and attached personal property and on
the same day the defendant in the original action gave a bond as
principal with sureties to vacate the attachment. The plaintiff in
the original action obtained judgment and then brought this action
on the bond against the principal and sureties. Within four months
after such bond was given the principal was adjudicated a bankrupt.
The general issue was pleaded and also a brief statement under which
was set up as a defense the adjudication in bankruptcy of the principal
in the bond within four months after its date. On an agreed state-
ment of facts the case was reported to the Law Court, and by
agreement of the parties it was certified to the Chief Justice under
R. S., Chap. 82, Sec. 47. Judgment for the plaintiff.

The case is fully stated in the opinion.

*Jacob H. Berman and Benjamin L. Berman,* for plaintiff.

*Maurice E. Rosen,* for defendants.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.  Action of debt against principal and sureties on a bond to release attachment of personal property given under R. S., Chap. 86, Sec. 79.  The condition of the bond is in these words: "Now therefore, if we the said obligors or either of us shall within thirty days after the rendition of judgment or after the adjournment of the court in which it is rendered or after the certificate of decision of the Law Court shall be received in the County where the cause is pending, pay to the plaintiff or his attorney of record the amount of any judgment including costs, recovered in said suit against said defendant or defendants or either of them this deed shall be void."  This condition follows the provisions of the statute.

The original writ on which the attachment was made was entered at the February Term, 1922, of the Cumberland County Superior Court, and on March 8, 1922, judgment was entered in favor of the plaintiff, and on April 17, 1922, an execution in the sum of $217.35 debt and damage and $15.51 costs was duly issued.

On March 29, 1922, an involuntary petition in bankruptcy was filed against the Outlet Clothing Company and on April 26, 1922, that company was duly adjudged a bankrupt.  Neither the defendant, the principal obligor, nor the sureties having paid this judgment, this suit was brought.  The defense is that the bond "was given to take the place of an attachment and said attachment was vacated and made null and void by reason of the bankruptcy of the defendant within four months of the date of said attachment, and that by reason thereof the said writing obligatory is null and void."  This defense is specious.  The bankruptcy proceedings had no effect whatever upon the attachment because that had already been vacated by the giving of the bond.  There was no attachment upon which bankruptcy proceedings could operate.  Had no bond been given the attachment would have been dissolved by the bankruptcy, but another state of facts existed.  The defendant in the suit instead of availing himself of bankruptcy proceedings at the time saw fit to

vacate the attachment in another way and executed the bond to supersede it. His sureties signed with him and their legal obligations were thereby fixed by the terms of the bond itself. They bound themselves absolutely and unqualifiedly to pay the judgment within thirty days after rendition. "So says the bond." There is no exception in case of bankruptcy. None is implied and the court can insert none. It can only enforce the contract made by the parties. The condition has not been complied with and the penalty follows:

This precise question has been before the Massachusetts Court in a very recent case, and after full consideration judgment was rendered for the obligee in the bond. *Guaranty Security Corporation* v. *Oppenheimer,* 137 N. E., 644, (decided January 4, 1923). Reason and authority unite in requiring the same result in the pending cause.

> *Judgment for the plain-*
> *tiff. The amount to be*
> *determined by the Jus-*
> *tice at nisi prius.*
> *So ordered.*