[No. 18825.   Department Two.   February 16, 1925.]

# S. J. WALLER, *Respondent*, v. CHARLOTTE B. HEINRICHS, *Defendant*, NATIONAL SURETY COMPANY, *Appellant*.[1]

TRIAL (150)—FINDINGS OF FACT—NECESSITY.   In an action at law for the recovery of money only, findings of fact and conclusions of law are not required on entry of judgment of default, under Rem. Comp. Stat., § 411, nor upon judgment on the pleadings.

ATTACHMENT (56)—BONDS—LIABILITY OF SURETY—NOTICE.   Upon taking judgment against defendant, judgment is properly entered against sureties upon defendant's bond given to discharge an attachment, without giving any notice to the sureties.

SAME.   Sureties on a bond given by defendant to release attached property are not discharged by the fact that the defendant, after restoration of the property, had been adjudged a bankrupt.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 26, 1924, in favor of the plaintiff, on the pleadings, in an action on contract, tried to the court.   Affirmed.

*H. E. Foster* and *George Olson*, for appellant.

*Leopold M. Stern* and *Clarence L. Gere*, for respondent.

MITCHELL, J.—S. J. Waller commenced this action against Charlotte B. Heinrichs to recover for goods sold and delivered.   A writ of attachment was issued under which the sheriff seized certain personal property of the defendant.   Thereafter and before judgment, the defendant caused a bond to be executed to plaintiff with the National Surety Company as surety, which was approved by the sheriff, conditioned that the judgment of the court should be performed, upon which the attachment was discharged and the property restored to the defendant.   Thereafter, upon motion of the plaintiff and an order duly entered under the

[1]Reported in 233 Pac. 23.

rules of the superior court, the defendant refused to file a purported answer claimed to have been made after the plaintiff moved for a default and the court granted an order of default for failure to file such answer and entered judgment against the defendant and the surety company in the full amount sued for.

The surety company then filed an application to vacate the judgment as to it. The application was granted, although no affidavit of merits to the complaint or answer was tendered with the application. The order vacating the default judgment against the surety company recited that it was "without prejudice as against plaintiff to further proceed against the National Surety Company." Thereafter the surety company filed an answer setting forth, in substance, that it was surety for the defendant Heinrichs for the purpose of discharging the attachment, and that it had been relieved from all liability and obligation as surety on the bond, for the reason that the defendant Heinrichs, after the attachment and restoration of the property, had been adjudged a bankrupt. On the answer, the plaintiff moved for a judgment on the pleadings, which was duly heard and granted. The surety company has appealed.

Without setting out the several assignments of error, they may be considered and answered generally. By subd. 1, § 411, Rem. Comp. Stat. [P. C. § 8109], it is provided that, in an action arising on contract for the recovery of money only, a judgment for failure of the defendant to answer shall be entered for the amount claimed against the defendant. Findings of fact and conclusions of law are not required in such a case; nor are they required in the case of a judgment on the pleadings, there being no disputed question of fact but only a question of law in such cases. *Lamar v. Ander-*

*son,* 71 Wash. 314, 128 Pac. 672; *Boe v. Hodgson Graham Co.,* 97 Wash. 444, 166 Pac. 779.

On taking judgment against defendant Heinrichs, judgment was also properly entered against the surety without any notice to it. Rem. Comp. Stat., § 672 [P. C. § 7404]; *Park v. Mighell,* 3 Wash. 737, 29 Pac. 556; *Petri v. Manny,* 99 Wash. 601, 170 Pac. 127, 1 A. L. R. 1595.

Nor did the fact, alleged in the appellant's answer, that the defendant upon her voluntary petition had been adjudged a bankrupt constitute any defense or relieve it from its obligation to pay the judgment according to the terms of its bond. Section 16a, National Bankruptcy Act of 1898, 1 Fed. Stat. Ann. (2d ed.), p. 706; *Brown v. Four-in-one Coal Co.,* vol. 2 (N. S.) Am. Bankruptcy Rep. 569. In *Marks v. Outlet Clothing Co.,* 122 Me. 406, 120 Atl. 427, vol. 4 (N. S.) Am. Bankruptcy Rep. 270, the court said:

"His sureties signed with him and their legal obligations were thereby fixed by the terms of the bond itself. They bound themselves absolutely and unqualifiedly to pay the judgment within thirty days after rendition. 'So says the bond.' There is no exception in case of bankruptcy. None is implied, and the court can insert none."

Being satisfied the judgment appealed from is right, it is affirmed.

HOLCOMB, MAIN, and MACKINTOSH, JJ., concur.