[No. 25331. Department Two. January 25, 1935.]

THE STATE OF WASHINGTON, *on the Relation of Netherlands American Mortgage Bank et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Allen, Froude & Hilen,* and *Gerald De Garmo,* for relators.

STEINERT, J.—This is a proceeding by writ of certiorari to review an order made in supplemental proceedings had in the superior court.

A brief statement of the facts out of which the controversy arose, together with the subsequent events in the progress of the litigation, will be of aid in understanding the conclusion at which we have arrived.

Respondent William D. Perkins brought an action against a number of parties, including relator Netherlands American Mortgage Bank, to foreclose a real

[1] Reported in 40 P. (2d) 143.

estate mortgage. A money judgment was sought against the bank, on the ground that it had assumed the mortgage by reason of a contract which it had entered into with the original mortgagor, respecting the mortgaged property. Upon a trial of that issue, judgment was entered against the bank in the amount of the mortgage and certain taxes and other items which had theretofore been paid by the mortgagee. Following the entry of a decree in the action, the relator herein took an appeal to this court by giving the required notice and posting a statutory cost bond. There was, however, no supersedeas.

Subsequent to the entry of the decree, the mortgaged property was sold at sheriff's sale, with the result that there remained a deficiency judgment against the bank in the sum of $3,562.44 and costs. The respondent Perkins thereafter, on August 11, 1934, upon an *ex parte* application and without notice, procured, in the main action, an order in supplemental proceedings directing the present relators to appear before the court on August 24, 1934, and show cause why they should not be required to answer concerning their property and the property of the judgment debtors, and to have with them their books, records and documents.

The relators appeared specially in response to the order in supplemental proceedings, and moved to vacate the order and to quash the service thereof, on the ground that none of the relators resided, or had their places of business, in King county, or elsewhere than in Spokane county, which, as is well known, is more than twenty miles distant from King county. On the day of hearing, the matter was argued by counsel and taken under advisement by the court. On August 29, 1934, the court filed a memorandum opinion in which the court expressed the view that, under the existing

statutes, relators were subject to the order in supplemental proceedings, and indicated that the objections made by special appearance would be overruled. On September 8, 1934, the court entered a formal order denying the motions to vacate and to quash. The order contained a further provision as follows:

"It Is Further Ordered that the above named defendants [relators] be and hereby are adjudged to be in contempt of this Court, *for failure of appearance in accordance with the mandate of the certified copy of the order,* duly served upon them; and that the plaintiff [Perkins] is entitled to a bench warrant, instanter with the entry of this order, to compel the above named defendants to obey the mandate of the show cause order herein." (Italic ours.)

The remedy by appeal being inadequate, the relators commenced this proceeding by application for writ of review.

The appeal from the original decree was argued in this court on September 26, 1934. Argument upon the present matter was had on October 25, 1934. Subsequently, the decree in the main case was reversed by this court, in so far as it awarded a money judgment against relator Netherlands American Mortgage Bank. *Perkins v. Brown,* 179 Wash. 597, 38 P. (2d) 253. Under the present state of the record, the only question that now remains is the proper disposition of that feature of the case which rests upon the supplemental proceedings.

■ Referring to the order to which this proceeding is directed, it will be observed that, at the time that the court rendered its memorandum opinion and at the time that the court made its final peremptory order, the time originally fixed for the appearance of relators in court had already expired. It will also be observed that in response to the original order, the relators appeared specially and moved to vacate and to

quash. In other words, they did not default or wilfully disobey the order of the court. On the contrary, they presented an issue which they had the right to present, and presented it in the only way that they were legally entitled to. Hence, there was no basis for summarily declaring the relators in contempt for not having appeared generally on the return day. This case does not involve the violation of a temporary restraining order or an injunctive order made *pendente lite,* as was the case in *State ex rel. Curtiss v. Erickson,* 66 Wash. 639, 120 Pac. 104. The court was, therefore, in error when it declared relators in contempt.

As to the remainder of the order, we shall assume, for the purposes of this case, that the court properly directed that a bench warrant should issue instanter to compel a discovery under the original show cause order. But, necessarily, that relief is now vain and inefficacious. The judgment having been reversed, the supplemental proceedings to enforce the judgment must fall with the judgment itself. *Turner v. Markham,* 156 Cal. 68, 103 Pac. 319; *McNaughton v. Lewis,* 126 Okla. 21, 258 Pac. 266. There being no judgment against the relator Netherlands American Mortgage Bank, it, of course, becomes immaterial whether the bank has any property or not, or whether the other relators have in their possession property belonging to the bank. Were the relators now brought before the trial court upon a bench warrant to answer as to their property, that tribunal would immediately be faced with the legal situation as it now exists, and we have no doubt that it would, as it should, set aside the original order and decline to proceed further upon any interrogation of the relators.

Reversed, with direction to dismiss the supplemental proceedings.

BEALS, BLAKE, and MITCHELL, JJ., concur.