[No. 26930. Department One. April 25, 1938.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, *Appellant*, v. SAMUEL STOTSKY, *Defendant*, A. L. MASLAN *et al.*, *Respondents*.[1]

*Carroll Hendron* and *E. P. Whiting*, for appellant.

*Philip Tworoger*, for respondents.

SIMPSON, J.—Plaintiff instituted supplemental proceedings against defendants for the purpose of subjecting certain real property standing in the name of defendants A. L. Maslan and wife to the lien of a judgment obtained by plaintiff against Samuel Stotsky.

The proceedings were instituted on motion supported by the affidavit of one of plaintiff's attorneys. The affidavit recited the securing of the judgment by plain-

[1]Reported in 78 P. (2d) 595.

tiff against defendant Stotsky April 22, 1937, in the sum of $7,408.98, the issuance of a writ of execution, and the *nulla bona* return of the sheriff. It was further alleged that defendants A. L. Maslan and wife were holding title to the real property for the judgment debtor Stotsky. The principal defendant, Samuel Stotsky, was named in the supplemental proceedings, but was not served and made no appearance.

At the conclusion of the trial to the court, judgment was entered dismissing the proceedings. Plaintiff appealed.

The original case, entitled *Bank of America Nat. Trust & Sav. Ass'n v. Stotsky,* in which appellant obtained judgment, was appealed to this court and argued at the time this case was presented. The judgment in the original case was reversed April 4, 1938, and appears *ante* p. 246, 77 P. (2d) 990.

Supplemental proceedings are not independent, but merely auxiliary to the original action and a continuation thereof. *Flood v. Libby,* 38 Wash. 366, 80 Pac. 533, 107 Am. St. 851; *State ex rel. Canal Tire Co. v. Hall,* 120 Wash. 449, 207 Pac. 685; *State ex rel. McDowall v. Superior Court,* 152 Wash. 323, 277 Pac. 850; *Knettle v. Knettle,* 164 Wash. 468, 3 P. (2d) 133.

This case rested in the first instance upon the fact that appellant had an unsatisfied judgment against Samuel Stotsky.

The judgment in the original case having been reversed, it follows that this case must of necessity be abated, because there is no judgment remaining upon which to base the supplemental proceedings.

For the reasons just given, the judgment is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and HOLCOMB, JJ., concur.