[No. 29242. *En Banc.* October 4, 1944.]

MARY LEVAS, *Respondent,* v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, *Appellant.*[1]

*H. C. Tingvall* and *Christ D. Lillions,* for appellant.

*Chavelle & Chavelle,* for respondent.

STEINERT, J.—Plaintiff brought suit for recovery upon a cost bond executed by the defendant as surety. Trial before the superior court resulted in findings, conclusions, and judgment in plaintiff's favor. Defendant appealed.

[1]Reported in 152 P. (2d) 320.

■ The record discloses that evidence, both oral and documentary, was introduced at the trial and considered by the court. No statement of facts or bill of exceptions, however, has been brought to this court on appeal. In that situation, the only question presented for review is whether the factual findings of the trial court support the judgment; and in the consideration of that question it is to be conclusively presumed that such findings are correct. *In re Munson's Estate,* 189 Wash. 537, 66 P. (2d) 293; *Bennett v. McKellips,* 8 Wn. (2d) 176, 111 P. (2d) 558; *Chas. H. Lilly Co. v. Parrino,* 18 Wn. (2d) 128, 138 P. (2d) 206.

The facts, as *formally found by the trial court,* are as follows: In November, 1940, one Jerry Chatos, administrator of the estate of James Livanas, brought suit against John Levas and the respondent herein, Mary Levas, who at that time was John Levas' wife. That action, which sought foreclosure of a real estate mortgage previously executed by Levas and his wife, was designated as cause number 323930 of the superior court for King county.

Upon a trial of the Chatos action, in 1941, a decree of foreclosure was entered, but for an amount less than that provided in the mortgage. The defendant in that action, the respondent here, Mary Levas, thereupon appealed to this court, and shortly thereafter the plaintiff therein, Chatos, filed a cross-appeal. To effectuate his cross-appeal, Chatos executed a cost bond in the sum of two hundred dollars, with the appellant herein, Massachusetts Bonding and Insurance Company, as surety thereon. The conditions of the bond were that, on payment by Chatos of all costs and damages, not exceeding two hundred dollars, awarded against him on the cross-appeal, *or on the dismissal thereof,* the obligation was to become void, otherwise to remain in full force and effect.

In passing, it may be stated that the bond mistakenly recited that Chatos was obligated to pay all costs and damages, not exceeding two hundred dollars, awarded against *John Levas and Mary Levas,* whereas it should have provided that Chatos was obligated to pay all costs and damages, not exceeding the foregoing amount, awarded against

*himself.* However, no question is raised as to that fact by either party herein.

Upon a hearing of the appeal in the former action, the judgment of the trial court was reversed, with instructions that the *action be dismissed. Chatos v. Levas,* 14 Wn. (2d) 317, 128 P. (2d) 284. Thereafter, on September 15, 1942, a remittitur from this court directing reversal of that judgment and dismissal of that cause was filed in the superior court for King county, in cause number 323930. Thereupon, judgment for costs *on appeal* was entered, in that cause, in favor of this respondent and against Chatos, the cross-appellant in that action.

As appears from the opinion in *Chatos v. Levas, supra,* the cross-appeal by Chatos in that action was from so much of the judgment of the trial court as allowed an offset against the amount of the mortgage and granted judgment in favor of Mary Levas, the present respondent, against John Levas for the full amount of the mortgage.

After the filing of the above remittitur and the entry of judgment thereon in cause number 323930, the respondent here, Mary Levas, made repeated demands upon the surety, appellant herein, for the payment of the judgment for costs amounting to two hundred ninety dollars; but appellant refused to pay any part thereof.

From the facts thus found, the trial court in the present action concluded that respondent was entitled to recover from the appellant the sum of two hundred dollars, the amount of its bond, together with interest from September 15, 1942, and costs in the instant case. Judgment was entered accordingly.

Appellant herein now makes two contentions upon this appeal. It first contends that in the former action, brought by Chatos, it was surety on the bond on the cross-appeal only and therefore cannot be held liable, upon such bond, for the costs incurred and allowed on the main appeal in that action.

From what has been stated above with reference to the provisions of the bond, it will be observed that appellant's obligation thereon was to pay *all costs and damages awarded*

*against Chatos,* not exceeding two hundred dollars, on the cross-appeal *or on the dismissal thereof.* As further shown above, upon the hearing of the former appeal the judgment of the trial court in cause number 323930 was reversed and *the action was ordered dismissed.* The judgment of reversal was general and unqualified, constituting a dismissal of that action in its entirety. That disposition of the case not only in effect operated as a dismissal of Chatos' cross-appeal, but also actually disposed of it on its merits, because the amount involved in the cross-appeal was merely a fractional part of Chatos' original claim, and this court held in the former appeal that Chatos could not recover at all in the action brought by him. The remittitur from this court in that action likewise directed reversal of the original judgment and dismissal of that cause. Examination of the judgment rendered by this court in that case discloses that it directed that respondent herein, Mary Levas, have and recover from Jerry Chatos, as administrator, costs of that *action,* taxed at $290.09, and that execution issue therefor. Moreover, the trial court in the case at bar specifically found that judgment for costs on appeal had been entered against Chatos in the former action.

The dismissal by this court of the action brought by Chatos fulfilled one of the specific conditions giving rise to appellant's liability on its bond for all costs awarded against Chatos. The conditions of the bond having thus been fully met by the adjudicated outcome of the former action, the appellant cannot now be heard to say that its liability is limited to such costs only as might be allocable to the cross-appeal.

Appellant's next contention is that respondent's remedy, if any she had, was by motion to have the remittitur in the former action amended to include the appellant as one of the parties liable upon the judgment for costs, and not by an independent action brought directly against the surety. This contention is not supported by the law.

The general rule is that an appeal bond may be enforced by the ordinary common-law actions and that the summary remedies provided by statute are merely cumulative and do

not affect the right to resort to an independent action on the bond. 3 Am. Jur. 775, Appeal and Error, § 1300; 5 C. J. S. 1618, Appeal and Error, § 2075.

That rule was recognized, though not specifically stated, in *McFeron v. Fidelity & Deposit Co. of Maryland,* 85 Wash. 303, 148 Pac. 14. In *Empson v. Fortune,* 102 Wash..16, 172 Pac. 873, the rule was not only impliedly recognized but also was definitely enunciated in the following language:

"It seems to be well settled law that whatever statutory right a successful party upon an appeal may have to a summary judgment rendered by the appellate court against sureties upon a supersedeas bond in connection with the final disposition of the case by the appellate court is a remedy merely cumulative of the common-law remedy, and does not affect the right of such successful parties to maintain an independent action upon such a bond in lieu of such statutory remedy."

Upon the facts found by the trial court, respondent was entitled to pursue the remedy sought in this action.

The judgment is affirmed.

SIMPSON, C. J., MILLARD, BLAKE, ROBINSON, JEFFERS, and MALLERY, JJ., concur.

GRADY, J. (dissenting)—I am unable to agree with that part of the majority opinion which holds that the order of this court providing that the action brought by Chatos against Levas to recover a judgment on a promissory note and to foreclose a mortgage securing it be dismissed, in effect, operated as a dismissal of the cross-appeal taken by Chatos from the part of the judgment allowing Mrs. Levas an offset against the note; and that it also actually disposed of the cross-appeal on its merits so as to render the appellant here liable on the cross-appeal cost bond upon which it was a surety.

The original action was brought by Jerry Chatos, as administrator of the estate of James Livanas, deceased, to recover judgment on a note given by Mary Levas and foreclose a mortgage securing the note. The defendant pleaded the statute of limitations and an offset against the note. The

court entered a judgment on the note, less a certain amount as an offset, and a decree of foreclosure.

Mary Levas took an appeal to this court from the judgment and decree, and Chatos took a cross-appeal from the part of the judgment allowing the offset and gave a cost bond in support of his cross-appeal. The bond was conditioned, as required by Rem. Rev. Stat., § 1722 [P. C. § 7296], that the cross-appellant "will pay all costs and damages that may be awarded against John Levas and Mary Levas et al. on said cross-appeal or on the dismissal thereof, not exceeding two hundred dollars . . ." That case is reported in 14 Wn. (2d) 317, 128 P. (2d) 284. We held that the action on the note was barred by the statute of limitations, and said, "The judgment will be reversed, with instructions to dismiss the action."

Mrs. Levas filed a cost bill designating Chatos as "respondent and cross-appellant," in the sum of $290.09, without segregating the disbursements made in connection with the appeal from those made in relation to the cross-appeal. Chatos made no motion to retax costs, as there was nothing to indicate to him that any claim would be made against the surety on his cross-appeal bond in view of the fact that his cross-appeal had not been passed upon by this court, and that only the appeal of Mrs. Levas had been considered.

On September 11, 1942, the remittitur was handed down, and it recited:

" . . . that the judgment of the said Superior Court be, and the same is, hereby reversed with instructions to dismiss the action; and that the said Mary Levas . . . have and recover of and from the said Jerry Chatos, Administrator of the estate of James Livanas, deceased, the costs of this action taxed and allowed at Two Hundred Ninety and 09/100 ($290.09) Dollars."

In taxing costs, the clerk of this court did not tax any against the Massachusetts Bonding and Insurance Company, the surety on the bond of Chatos as cross-appellant, and did not enter judgment against it as provided by Rem. Rev. Stat., § 1739 [P. C. § 7324]:

"Upon the affirmance of a judgment or [on] appeal for the payment of money, the supreme court shall render

judgment against both the appellant and his sureties in the appeal bond for the amount of the judgment appealed from (in case the bond was conditioned so as to support such judgment) and for the damages and costs awarded on the appeal; and in any other case of affirmance the supreme court shall likewise render judgment against both the appellant and his sureties in the appeal bond for the amount recoverable according to the condition of the bond, in case such amount can be ascertained by the court without an issue and trial."

I think it is fair to infer that the clerk so acted because this court did not affirm that part of the judgment which went against Chatos in the lower court, and the record did not show any dismissal of the cross-appeal.

In April, 1943, the present action was commenced against the bonding company to recover the costs taxed against Chatos to the extent of the amount of its bond, namely, two hundred dollars and interest. Apparently, a dispute had arisen over the interpretation to be placed upon the remittitur as to whether costs had been taxed against Chatos in his capacity as cross-appellant, so Chatos applied to this court to recall it and make a correction therein to provide for the taxation of costs against him in his capacity as respondent only. There was no ambiguity in the remittitur. Read along with the record in the case, it was apparent that, although it carried the caption of the other documents in the record, costs were taxed against Chatos in his capacity as respondent; otherwise, a judgment for costs would have been entered against the surety on the cross-appeal bond. The application was denied.

At the close of the trial of the present action, the court made findings of fact, the material one being as follows:

"IV. That thereafter, and on or about the 29th day of September, 1941, the said Mary Levas did appeal to the Supreme Court of the State of Washington from said judgment, and that on or about the 4th day of October, 1941, the said plaintiff, Jerry Chatos, cross-appealed to the Supreme Court of the State of Washington and duly filed his cost bond on cross appeal for the purpose of indemnifying the plaintiff herein on or about the 7th day of October, 1941, and a copy of said bond is marked 'Exhibit A' and made a

part of these findings as though fully set forth herein, and that thereafter a remittitur from the Supreme Court reversing said judgment and dismissing said cause was filed in the Superior Court of the State of Washington, King County, and that judgment for costs on appeal was entered against *defendant* [Levas] and allowed to said *plaintiff* [Chatos] in Cause No. 323930." (Italics mine.)

Based upon this finding, the court entered judgment against the Massachusetts Bonding and Insurance Company for costs that had been taxed against Chatos as respondent up to the limit of its bond. When the case reached this court, Mrs. Levas (respondent) moved to dismiss the appeal of the bonding company (appellant) upon the ground that no statement of facts had been filed. The appellant contended that no statement of facts was necessary as the findings of fact did not support the judgment, as would clearly appear from an examination of the record of this court in *Chatos v. Levas,* 14 Wn. (2d) 317, 128 P. (2d) 284, *supra.*

The objection made as to the absence of a statement of facts operated as a double-edged sword, because, on the face of finding IV, quoted above, it did not support a judgment against this appellant. This court had not entered any judgment for costs against Mrs. Levas, and, if it had, it could not have been the basis of a cause of action against this appellant, as it was not the surety on her appeal bond; and, besides, she was the prevailing party on her appeal. Therefore, in order to consider the respondent's case, we had to go to the record of *Chatos v. Levas,* from which it clearly appeared that finding IV contained clerical errors, in that the words "plaintiff" and "defendant" should have been transposed. It was proper to go to the record for that purpose, because the present case is merely a sequel to that one, and the same parties are involved. For the same reason, we may examine the record to determine if finding IV supports a judgment against this appellant. When we do this, we find that this court never reached or considered the cross-appeal of Chatos. When we decided that the note was barred by the statute of limitations, that ended the controversy, and it made no difference whether or not

Mrs. Levas was entitled to an offset. She might or might not have prevailed on that issue, but, when she prevailed against the whole debt, the offset fell by the wayside. It became a moot question. It thus appears that we have the necessary material with which to decide all questions involved in this appeal without a statement of facts.

In order to have rendered the appellant liable on its bond, one of two things must have happened: an award of costs against Chatos on his cross-appeal or a dismissal of his cross-appeal. I have already pointed out that the clerk of this court did not tax any costs against Chatos in his capacity of cross-appellant, as conclusively appears by the fact that no judgment for costs was entered against this appellant under Rem. Rev. Stat., § 1739.

The cross-appeal was not dismissed. In order that an appeal may be dismissed so as to make a surety liable for costs, there must be affirmative action on the part of some one. It does not operate automatically. An appellant may ask for a dismissal; a respondent may do so under Rem. Rev. Stat., § 1733 [P. C. § 7318], or even for other reasons; and an appellate court may do so of its own motion. None of these things happened here. What did happen was that this court concluded the note was barred and directed the action thereon dismissed. This could not in any way affect the cross-appeal. Before it could be considered, the appeal of Mrs. Levas would have to be decided adversely to her. When she prevailed, the question involved in this cross-appeal became moot and there was an abatement of it, and the relief afforded by the offset became "vain and inefficacious," and fell with it. No effort has been, or could be, made to claim any benefit from the cross-appeal. *State ex rel. Netherlands American Mtg. Bank v. Superior Court for King County*, 180 Wash. 451, 40 P. (2d) 143; *Smith v. Kneisley*, 187 Wash. 699, 6 P. (2d) 19; *Bank of America Nat. Trust & Sav. Ass'n v. Stotsky*, 194 Wash. 513, 78 P. (2d) 595; 9 Bancroft's Code Practice and Remedies, p. 9735, § 7404; *Lewis Pub. Co. v. Wyman*, 228 U. S. 610, 57 L. Ed. 989, 33 S. Ct. 599.

In the *Bank of America* case, speaking of the effect of the judgment upon supplemental proceedings, we said, p. 514:

"The judgment in the original case having been reversed, it follows that this case must of necessity be abated, because there is no judgment remaining upon which to base the supplemental proceedings."

In *Lewis Pub. Co. v. Wyman,* the plaintiff had given a bond in support of a temporary restraining order. By reason of the subsequent action of the defendant, it became unnecessary to prosecute the action further, and the restraining order automatically became ineffective. The court regarded the restraining order feature of the case as moot and refused to consider whether there would be any liability on the bond. That is just what this court did, acting by its clerk, when it did not enter any judgment against the surety on the cross-appeal bond when the cross-appeal became moot and abated.

The reversal of the judgment with instructions to dismiss the action of *Chatos v. Levas* did not dispose of the cross-appeal on its merits, as stated in the majority opinion. The judgment was for a specified amount of money after an offset against the original claim had been allowed. The appeal and the cross-appeal involved separate and distinct issues. The former raised the question of the statute of limitations; the latter involved the right of the cross-appellant to an offset against the original claim. Before the offset could be considered by this court, it would have to sustain the original claim in whole or in part. When the court decided the whole original claim was barred, it could proceed no further, as the offset then had no basis upon which to rest.

A surety on an appeal bond is not liable beyond the strict terms of the bond. The cross-appeal bond is conditioned according to the provisions of the statute, and, in providing what the conditions of an appeal bond shall be, the legislature did not include automatic abatement of a cross-appeal by reason of the reversal of a judgment, and such cannot be included by construction. The bond now before us does not cover such a situation.

The findings of fact made by the court, when considered in the light of the records of this court properly before us, do not support the judgment, and the judgment should be reversed and the action dismissed.

BEALS, J., concurs with GRADY, J.