[No. 31810. Department One. January 17, 1952.]

BURKE MOTOR COMPANY, *Respondent*, v. BRUCE LILLIE *et al.*, *Appellants*.[1]

[1]Reported in 239 P. (2d) 854.

*Charles F. Bolin* and *Perry B. Woodall*, for appellants.

*Lyon & Kohls*, for respondent.

WEAVER, J.—This is an action against the sureties on a redelivery bond filed in a prior action to release personal property from attachment.

The question determinative of this appeal is whether Rem. Rev. Stat., § 672 [P.P.C. § 11-51], which reads as follows:

"Such bond [redelivery bond to release property from attachment] shall be part of the record, and if judgment go against the defendant, the same shall be entered against him and sureties," (Insertion ours.)

provides for an exclusive remedy against the sureties. If it does, this judgment must be reversed.

Defendants' (appellants') thirteen assignments of error fall into three groups, namely: (1) whether the statutory remedy is exclusive; (2) whether the doctrine of *res judicata* applies; and (3) whether, in event of affirmance, plaintiff (respondent) is entitled to its costs.

Plaintiff sued Ambrose Whitefoot for repairs to automobiles and trucks. Part of the cost of repairs was on open account and part was evidenced by a promissory note. Simultaneously, plaintiff caused a writ of attachment to issue and a 1948 Ford truck owned by Whitefoot was taken into possession by the sheriff. Subsequently, but before trial, Whitefoot, pursuant to Rem. Rev. Stat., § 671 [P.P.C. § 11-49], filed a personal redelivery bond and regained possession of his truck. The bond was signed by Whitefoot and by the

defendants in the instant case. It provided, in part, as follows:

"[Defendants named] acknowledge ourselves bound unto Burke Motor Company, plaintiff, in the sum of One Thousand Two Hundred Six and 58/100 Dollars engaging to deliver the property so attached, to-wit: a 1948 Red Ford Truck, stake body, or pay the value thereof upon judgment obtained by the plaintiff, and to perform the judgment of said Court in the aforesaid action."

After trial, judgment was entered October 28, 1949, against defendant Whitefoot. Judgment was not entered against the sureties upon the bond (defendants in this action) as could have been done under the provisions of Rem. Rev. Stat., § 672, quoted above. *Waller v. Heinrichs*, 133 Wash. 7, 233 Pac. 23.

The Whitefoot judgment being unsatisfied, plaintiff commenced this action against the sureties upon the bond. Judgment was entered against them for $750.72, plus interest at six per cent per annum from October 28, 1949 (the date of the first judgment), and for costs in the sum of $28.80 which would bear interest at six per cent from February 2, 1951, the date of this judgment.

Defendants have appealed and have filed herein their supersedeas and cost bond in the sum of fifteen hundred dollars, signed by the Great American Indemnity Company, a foreign corporation authorized to do business in this state.

█ Defendants were liable under the contractual obligation undertaken by them in their bond of redelivery. Under Rem. Rev. Stat., § 671, the bond became an unconditional contract or promise to pay whatever judgment might be rendered against Whitefoot upon the merits of the case, not exceeding the amount of the bond. *Brady v. Onffroy*, 37 Wash. 482, 79 Pac. 1004. In the absence of Rem. Rev. Stat., § 672, plaintiff had a cause of action against defendants upon this obligation. By reason of the statute, summary judgment could have been *entered* against them in the first lawsuit. Defendants urge that plaintiff, not having availed itself of its statutory remedy, cannot now maintain this action. With this we cannot agree.

While this question has never been presented to us in reference to Rem. Rev. Stat., § 672, we have decided it in reference to another statute containing similar provisions. Rem. Rev. Stat., § 1722 [P.P.C. § 5-17] (see Rule on Appeal 25, 34A Wn. (2d) 27), provided, among other things, that an appeal to this court shall not stay the proceedings on a judgment of the trial court unless a bond be furnished " . . . conditioned that the appellant will satisfy and perform the judgment or order appealed from in case it shall be affirmed. . . ." Rem. Rev. Stat., § 1739 [P.P.C. § 5-71] (compare Rule on Appeal 31, 34A Wn. (2d) 32), provided as follows:

"Upon the affirmance of a judgment or [on] appeal for the payment of money, *the supreme court shall render judgment against both the appellant and his sureties* in the appeal bond for the amount of the judgment appealed from (in case the bond was conditioned so as to support such judgment) and for the damages and costs awarded on the appeal; . . ." (Italics ours.)

Thus the theory of Rem. Rev. Stat., § 672, is the same as the theory of Rem. Rev. Stat., § 1739.

In construing the latter statute (Rem. Rev. Stat., § 1739), we have held that the right conferred by it to a summary judgment against the sureties is not an exclusive remedy, but is merely cumulative of the common-law remedy; that a failure to enter judgment against the sureties does not affect the right of the prevailing party to maintain an independent action on the bond; and that the failure of a party to cause judgment to be entered against the sureties does not render the former action *res judicata* of the sureties' liability. This is for the reason that the statute providing for summary judgment does not abolish the common-law right of recovery in an independent action, but merely gives an additional right to summary judgment in the principal action. *Empson v. Fortune*, 102 Wash. 16, 172 Pac. 873; *Levas v. Massachusetts Bonding & Ins. Co.*, 21 Wn. (2d) 562, 152 P. (2d) 320; accord, *McFeron v. Fidelity & Deposit Co. of Maryland*, 85 Wash. 303, 148 Pac. 14.

. Hence, plaintiff was entitled to pursue the remedy here sought, and maintain its action against the sureties upon the redelivery bond which had been furnished by them to release the Ford truck from attachment, although a summary judgment might have been entered against the defendants pursuant to Rem. Rev. Stat., § 672.

■ ■ Without analysis, we held in the *Empson* case, *supra*, that the failure to enter summary judgment against the sureties was not *res judicata* of their liability on the bond. The following language in *Northern Pac. R. Co. v. Snohomish County*, 101 Wash. 686, 172 Pac. 878, cited and quoted with approval in *Large v. Shively*, 194 Wash. 608, at page 626, 82 P. (2d) 793, is applicable in the case at bar:

"To make a judgment *res judicata* in a subsequent action there must be a concurrence of identity in four respects: (1) of subject-matter; (2) of cause of action; (3) of persons and parties; and (4) in the quality of the persons for or against whom the claim is made."

As to concurrence of identity of subject-matter and of cause of action, we need only point out that the Whitefoot case dealt with liability on an open account and a promissory note. The instant case is based on the contractual liability of defendants on their bond. As to concurrence of identity of parties and quality of the persons, it is apparent that Whitefoot, the defendant in the first case, is not a party to this action. There can be no identity of quality if there is no identity of parties. The former judgment is not *res judicata* of the defendants' liability.

■ Defendants argue that under no circumstances is plaintiff entitled to costs either in the trial court or in this court, for the reason that had summary judgment against defendants here been entered in the Whitefoot case, costs would not have been incurred in this action. Plaintiff is entitled to maintain this action. Having prevailed, it is entitled to costs. Rem. Rev. Stat., § 476 [P.P.C. § 22-3]; Rule on Appeal 55, 34A Wn. (2d) 58.

The judgment from which this appeal is prosecuted is affirmed, and, therefore, pursuant to Rule on Appeal 31, 34A Wn. (2d) 32, and the views expressed in this opinion, judg-

ment is hereby entered against defendants (appellants) and the Great American Indemnity Company, a foreign corporation authorized to do business in this state, surety upon appellants' appeal and supersedeas bond, in the sums of (a) $750.72, with interest at six per cent per annum from October 28, 1949; (b) $28.80, with interest at six per cent per annum from February 2, 1951; and (c) for taxable costs of this appeal, determined in accordance with the statutes and rules in such case provided; in no event, however, shall the judgment against the Great American Indemnity Company exceed the sum of fifteen hundred dollars, the amount of the supersedeas bond.

SCHWELLENBACH, C. J., MALLERY, GRADY, and DONWORTH, JJ., concur.

[1] Reported in 239 P. (2d) 848.